## Re Incorporation of the Borough of La Plume.

It would be unfair to the court below and to all parties concerned in the decree, to reverse a judgment, if the plaintiff has not complied with the sixth requirement of the 20th rule of court, and has omitted to print even a substantial part of the record of the proceedings.

It is not error for the court to direct a petition for the incorporation of a borough to be laid before the grand jury for their action thereon.

In such proceedings the record must show affirmatively that the petition was signed by the petitioners, whose names are attached thereto, within three months immediately preceding its presentation to court.

In laying the petition before the grand jury it is proper for the court to instruct them as to the law relating to the subject upon which they are required to act.

(Decided March 8, 1886.)

Certiorari to the Court of Quarter Sessions of Lackawanna

Cited in *Re* Summit, 114 Pa. 362, 7 Atl. 219, and in *Re* Throop, 15 Pa. Co. Ct. 131, 134, 3 Pa. Dist. R. 670.

NOTE.—After the filing of the petition for incorporation with the clerk of the court of quarter sessions, exceptions may be filed to it until the next

County to review proceedings for the incorporation of the Borough of La Plume. Affirmed.

The questions raised by this certiorari sufficiently appear in the opinion of the court.

*Lemuel Amerman* for plaintiff in error.

*R. H. Holgate* for defendant in error.

OPINION BY MR. JUSTICE STERRETT:

In a certiorari to the court of quarter sessions or oyer and terminer, the 20th rule of court declares the paper book of plaintiff in error "shall contain: (1) An abstract list or brief of all the petitions, reports, exceptions, etc., which may be necessary to give the court here a full view of the record at once; and this in the precise order of their respective dates, and with the date of each prefixed; (2) the exceptions which were overruled or sustained by the final order or judgment of the court; (3) the opinion of the court, if it was filed in writing; (4) assignments of error; (5) the argument; (6) appendix, containing the record in full."

While some of these requirements have been substantially complied with, and others partially so, the sixth has been utterly ignored. Instead of containing the record in full, the appendix contains nothing, save only the affidavit of George J. Bailey, that all the names appearing on the petition were signed thereon within three months immediately preceding its presentation to the court, filed *nunc pro tunc* as of January 6, 1885. The petition on which the proceeding is based, the notice and affidavit of publication attached thereto, the report of the grand jury to the court, and other portions of the record, are omitted. We should not be asked to reverse the proceedings upon such an irregular and defective presentation of the case as is here exhibited. To do so would be unfair to the court below and to all parties concerned in the decree.

But, aside from noncompliance with the rule, we are satisfied there is no substantial error in the proceedings.

regular term, Act June 26th, 1895 (P. L. 389, § 1). But reference of the application to the grand jury is no longer necessary, since the act of June 26th, 1895, repeals all laws requiring such action. *Re* Pyne, 6 Pa. Dist. R. 353, 6 Northampton Co. Rep. 39; *Re* Emsworth, 5 Pa. Super. Ct. 29.

The subject of complaint in the first specification is overruling the exception to laying the petition before the grand jury for their action. It is a sufficient answer to this that the act of June 2, 1871, requires every application for the incorporation of a borough to be laid before the grand jury at the same term of court when presented, if it can be conveniently done. The petition appears to have been filed January 6, 1885; and the same day, upon hearing the petition, the court directed it to be laid before the grand jury. Surely there was no error in that.

The second specification is that the learned judge erred in overruling the first of the two exceptions filed to the incorporation of the proposed borough, viz.: It does not appear that the petition laid before the grand jury was signed by the petitioners, whose names are attached thereto, within three months immediately preceding its presentation to the court. The act of 1871 requires that applications for incorporation of boroughs "shall be signed by the petitioners, whose names are attached thereto, within three months immediately preceding its presentation to court."

It is silent as to when and how that fact shall be made to appear; but (*Re* Osborne, 101 Pa. 284) it was held that the record must show affirmatively that the requirement has been complied with. The record in this case does show the fact. The affidavit above referred to was presented and filed *nunc pro tunc* before the decree complained of was entered. In his opinion, returned with the record, the learned judge says, in regard to this exception: "There is no dispute in regard to the facts alleged in this affidavit; the question is whether it can be given a retroactive effect." If, in point of fact, the petition was signed, as required by the act, the fact could undoubtedly be shown and made matter of record at any time before final decree. It appears, moreover, that the grand jury were instructed that this requirement was one of the conditions, prescribed by the act, in regard to which it was their duty to inquire; that they found all the prescribed conditions had been complied with, and so reported to the court. But, independently of this action of the grand jury, the fact that the petition was duly signed, as required by the act, sufficiently appears on the record.

There is no merit in the third specification. It is made the duty of the court to lay before the grand jury applications for

the incorporation of boroughs. In discharging this duty it surely cannot be error for the court to instruct them as to the law relating to the subject upon which they are required to act. Indeed, it is eminently proper that it should be done. No just exception can be taken to the instructions of the learned judge in this case.

The fourth and last specification relates to the decree confirming the report of the grand jury and incorporating the borough. It follows from what has already been said that there was no error in that regard.

Proceedings affirmed.