## APPEAL OF C. N. BARRETT ET AL.

### APPEAL FROM THE COURT OF COMMON PLEAS OF MCKEAN COUNTY, IN EQUITY.

Argued May 11, 1887—Decided June 1, 1887.

A borough election was held under the act of April 16, 1875, P. L. 55, and its supplement of May 1, 1876, P. L. 93, authorizing upon a vote of electors the levy and collection of a gas and water tax. The tickets voted had on the outside, " Water Tax," and on the inside, " For a Water Tax," or " Against a Water Tax." *Held,*

1. That such tickets were unauthorized by the act of April 16, 1875, and the election was void unless that act was properly amended by the act of May 1, 1876.

2. That the act of May 1, 1876, inasmuch as in its enactment the requirement of section 6 of Article III. of the constitution was ignored, was unconstitutional and void.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and GREEN, JJ.; PAXSON and CLARK, JJ., absent.

No. 429 January Term 1887, Sup. Ct. ; Court below, No. 1 December Term 1885, C. P., in equity.

In the court below on October 27, 1885, a bill in equity was filed by C. N. Barrett and others, taxpayers of the borough of Port Allegany, McKean county, against Thomas McDowell *et al.*, members of the Town Council, the Chief Burgess and the Tax Collector of said borough; the prayer of which bill was for a preliminary and thereafter a permanent injunction against the defendants to restrain the collection of a water tax.

The bill averred : That on July 20, 1885, a special election was held in said borough under the provisions of the act of April 16, 1875, P. L. 55, and its supplement of May 1, 1876, P. L. 93, upon the subject of a water tax. The electors intended to vote concerning a water tax only, and voted written or printed tickets having on the outside the words, " Water Tax," and on the inside, " For a Water Tax," or " Against a Water Tax." The election was returned in favor of a water tax, and the defendants proceeded to lay and collect a special

tax for water purposes only. It was claimed that the levy and collection of said tax was illegal, as unauthorized by the said act of 1875, under the provisions of which the electors must vote for and the defendants must levy and collect a tax subject to use for gas or water, and that the amendatory act of 1876 was unconstitutional.

The answer admitted that the electors voted and intended to vote concerning a water tax only, and that the tax was levied for water purposes only.

On the hearing of the motion for a preliminary injunction, WM. D. BROWN, P. J., holding special term, after reviewing the facts, held:

We think the language of the act of 1875 is so ambiguous that when considered in connection with the subject-matter, it leaves abundant room for construction, and we think we do no violence to the rules of interpretation, but rather adhere thereto, when we hold that the disjunctive " or " should be substituted for the conjunctive " and " where the latter occurs in the words, " Gas and Water Tax." By so holding, we think a sense appears that is consistent with the other parts of the act, and one that accords with what seems to us, the clear legislative intent, namely, to permit the legal voters to authorize a special tax for both water and gas purposes, or for either, as their necessities or convenience may require. But if the claim of the plaintiffs is correct, the voters if they would have the one must also have the other, because the act provides that the money so raised and collected shall be expended for such fire plugs, hydrants, etc., as may be required to supply such boroughs with a sufficient supply of water for the extinguishment of fires, cleaning streets, and with gas for properly lighting and illuminating the streets.

We regard the act of 1876, P. L. 93, as simply declaratory of the law as it existed under the provisions of the act of 1875, and hence we give no opinion as to whether it is or is not in conformity with the provisions of the sixth section of article third of the constitution of the state.

The application for a preliminary injunction is refused.

Thereupon the complainants took this appeal and assigned for error the refusal of the preliminary injunction.

*Mr. Dornan*, of *Benson & Dornan*, and *Mr. R. Brown* (with whom was *Mr. M. F. Elliott*), for the appellants:

1. Though there are cases that allow a slight mistake made by a voter in the form of his ticket to be corrected by parol to conform with and carry out his intentions: Bright. Elec. Cas. 266, 7, 8; *In re* Gilleland, 96 Penn. St. 224; Opinion of Justices, 64 Me. 596; People v. Tisdale, 1 Doug. (Mich.) 59; Carpenter v. Ely, 4 Wis. 420; yet all these cases are founded upon the principle of carrying out the intention of the voter, not of defeating it.

2. The act of 1875 should be construed as it reads, that the electors shall vote for or against " a gas and water tax: " Sedg. St. Law, 195; Com. v. Penn. Ins. Co., 13 Penn. St. 166; Bradbury v. Wagenhorst, 54 Idem 182; Ihmsen v. Navigation Co., 32 Idem 153; Olmstead's Case, Bright. 9.

3. The amendatory act of May 1, 1876, is void, as being in violation of section 6 of Article III. of the constitution: Donohugh v. Roberts, 11 W. N. 186; Walter v. Caldwell, 4 La. An. 297; VanPiper v. Parsons, 40 N. J. 154; Tuskaloosa Bridge Co. v. Olmstead, 41 Ala. 9. It is subject to all the objections in Greencastle Turnpike Co. v. The State, 28 Ind. 382; People v. McCallum, 1 Neb. 197; Colwell v. Chamberlain, 43 N. J. 387; Shields v. Bennett, 8 W. Va. 74; Cooley Const. Lim. § 15.

Upon the question of jurisdiction in equity: St. Clair School Board's App., 74 Penn. St. 252; Ruth's App., 10 W. N. 498; Delano Land Co.'s App., 103 Penn. St. 347; Conner's App., Idem 357; Whelen's App., 108 Idem 162; s. c., 1 Cent. R. 35.

As to jurisdiction of this court on appeal: Act of June 12, 1879, P. L. 177.

*Mr. James W. Lee*, of *Lee & Hastings* (with him *Mr. S. W. Smith* and *Mr. O. L. Snyder*), for the appellees:

1. Did the legislature intend to say to a borough: " You may have water and gas ; you may lay a tax for these purposes; you must expend the money so raised for both purposes; if you don't take gas you shall not have water, even though you desire to tax yourself for that purpose, and don't want or need the gas ? "

2. In regard to the constitutionality of the act of May 1,

1876, although it is entitled an amendment, we claim that it is a supplement to the act under consideration, because it in no way alters or abrogates any part of that act. The whole of said act stands, and this is simply added to the act, and in no way conflicts with the provisions of the constitution.

OPINION, MR. JUSTICE STERRETT:

It cannot be doubted that the authority of the burgess and town council of the borough of Port Allegany, to levy and collect the tax in question, depends on the validity of the election purporting to have been held under and by virtue of the act of April 16, 1875, entitled "An act authorizing the burgess and town council of each of the several boroughs throughout this commonwealth to levy and collect a gas, kerosene oil and water tax," and the supplement thereto approved May 1, 1876.

After providing for a special election to determine by a vote of the qualified electors of any borough whether the power to levy and collect such tax shall be exercised by the borough authorities or not, the act declares it shall be done "by voting written or printed tickets having on the outside the words 'gas and water tax,' and on the inside, 'for a gas and water tax,' or, 'against a gas and water tax'; and the majority of the legal votes so cast for or against a gas and water tax shall decide for or against the application of the said act to the said borough." The bill charges and the answer admits that none of the tickets voted at the election in question were in the form prescribed by the act; but, on the contrary, all the tickets then voted had written or printed on the outside thereof the words "Water Tax" only, and on the inside the words "For a Water Tax," or "Against a Water Tax." Such a vote as this was clearly unauthorized by the original act, and hence the so-called election was void and of no effect, unless the act was amended by the supplement of 1876 which purports to enact that the second section of the act of 1875 be amended by adding thereto as follows: "That the legal voters of said borough may vote written or printed tickets, having on the outside the words 'gas tax,' 'water tax' or 'kerosene oil tax,' and on the inside 'for a gas tax,' 'for a water tax,' 'for a kerosene oil tax,' or 'against a gas tax,' 'against

a water tax,' or 'against a kerosene oil tax.'" If the supplement is valid, it so modifies the provisions of the original act as to authorize a vote in the precise form in which it was taken; but, unfortunately for the appellees, it is in direct conflict with § 6, Article III. of the Constitution which ordains that, "No law shall be revived, amended or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

The supplement was manifestly intended to be amendatory of the original act, and nothing else; but, inasmuch as it utterly ignores the constitutional requirement, above quoted, it is unconstitutional and void. It therefore follows that the vote as taken was unauthorized and the borough authorities, upon their own showing, had no power to levy and collect the tax complained of, and the prayer of appellants for a preliminary injunction should have been granted.

Decree reversed at the costs of appellants, and record remitted with instructions to proceed according to equity practice.