# In the Matter of the Incorporation of the Borough of Emsworth.

*Statutes—Repeal by implication a question of legislative intent.*

The question of the repeal of statutes by implication is one of legislative intent, and all rules of construction have in view the ascertainment of that intention.

*Implied repeal follows evident substitution.*

A subsequent statute revising the whole subject-matter of a former statute and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former.

*Statutes—Repeal by implication—Constitutional law.*

The Act of June 26, 1895, P. L. 389 is constitutional ; it is an act complete in itself and does not fall within the inhibitions of section 6, article III. of the constitution although it may have an amendatory effect upon other statutes by repealing same by implication. The constitution does not make the obviously impracticable requirement that every act shall recite all other acts that its operation may incidentally affect either by way of repeal, modification, extension or supply.

*Incorporation of boroughs—Notice—Statutes—Repeal.*

The Act of June 26, 1895, P. L. 389, was evidently intended as a substitute for the provisions of the Act of June 2, 1871, P. L. 283 relative to notice so far at least as the same applies to proceedings for the incorporation of boroughs. There is neither reason nor necessity for the two notices and the notice required by the act of 1895 clearly takes the place of the notice required by the act of 1871.

Argued April 12, 1897. Appeal, No. 64, April T., 1897, by Joseph T. Ritchie et al., from decree of Q. S. Allegheny Co., Dec. Sess., 1895, No. 21, incorporating the borough of Ems-

worth.  Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ.  Affirmed.

Petition for the incorporation of the villages of Clifton and Emsworth into a borough.  Before EWING, P. J.

On January 18, 1896, a petition was presented asking for the incorporation of the villages of Clifton and Emsworth into a borough.  The court directed notice of the intended incorporation to be given as required by law.  Affidavit of notice in accordance with the provisions of the Act of June 25, 1895, P. L. 389 was duly filed.  A hearing was had both of petitioners and remonstrants.

On July 14, 1896, a decree was entered incorporating the borough of Emsworth, to which decree exceptions were filed on July 30, 1896, and appeal taken by Joseph T. Ritchie and Thomas Barrett to the Superior Court.

*Errors assigned* were (1) in making the final decree incorporating the borough of Emsworth.  (2) In not declaring the Act of Assembly of June 26, 1895, P. L. 389 unconstitutional.  (3) In holding it to be unnecessary to advertise for thirty days prior to the filing of petition that an application for a charter of incorporation would be filed, as required by the Act of Assembly of June 2, 1871, P. L. 283.

*John S. Robb*, for appellants.—The objections to the incorporation of the borough in this case are that the Act of June 26, 1895, P. L. 389, under which this borough was incorporated, is unconstitutional.  First. Because it amends sections 1 and 2 of the Act of April 1, 1834, P. L. 163, by reference to its title only and without reënacting and publishing the same at length, thereby violating the section 6, art. 3, of the constitution of Pennsylvania.  Second. That notice of the intended application for incorporation of said borough was not published for thirty days prior to the filing of the petition as required by the first section of the Act of June 2, 1871, P. L. 283 : Titusville Iron Works v. Oil Co., 122 Pa. 627; Barrett's Appeal, 116 Pa. 486 ; Donahue v. Roberts, 11 W. N. C. 186.

*L. K. Porter*, with him *S. G. Porter*, for appellee.—The no-

tice required by the act of 1895 clearly takes the place of the act of 1871 : Springtown Borough, 17 C. C. R. 529.

The act is clearly constitutional: Tyler v. People, 8 Mich. 320; Trustees of Dartmouth College, 4 Wheat. 518.

The constitutional provision has reference to express amendments only : Stuart's Appeal, 163 Pa. 210.

OPINION BY RICE, P. J., July 23, 1897 :

The first question to be considered is, whether the Act of June 26, 1895, P. L. 389, entitled " An act to change the proceedings for the incorporation of boroughs," etc., repealed the provision of the first section of the Act of June 2, 1871, P. L. 283, which reads : " And public notice of the intended application for a borough charter shall be given in at least one newspaper of the proper county, for a period of not less than thirty days immediately before the petition shall be presented." The question of the repeal of statutes by implication is one of legislative intention, and all rules of construction have in view the ascertainment of that intention. One of the rules upon the subject is that a subsequent statute revising the whole subject-matter of a former statute and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former. The act of 1895 is not, strictly speaking, a revision of the laws upon the whole subject of the incorporation of boroughs. Many of the provisions of the former laws were not expressly or impliedly affected by it, and are still in force. It did, however, establish a new and different mode of procedure, and provided for notice adapted to that mode. By the earlier acts the court might, and if it could be done conveniently were bound to, cause the petition for incorporation to be laid before the grand jury at the same session it was presented. Hence the necessity for notice of the time when it would be presented ; for without such notice action might be taken by the court or grand jury concerning which persons interested would have no opportunity to be heard. Speaking of the act of 1871, Mr. Justice TRUNKEY well said: " Its obvious intendment is, that persons opposed to the incorporation prayed for, shall have reasonable notice and an opportunity to be heard. It is the duty of the grand jury to make a full investigation, not only to ascertain if the conditions of the statute

have been complied with, but to determine whether it is expedient to incorporate the village described in the petition. To this end the parties have a right to be heard for and against the incorporation. Those against are not likely to be present unless notified": Borough of Osborne, 101 Pa. 284. But by the act of 1895, the petition is not laid before the grand jury and no action affecting the rights or interests of any one can be taken until the next term after its presentation nor until after thirty days' notice has been published. Thus persons desiring to contest the matter upon any ground have full opportunity to appear and be heard at every stage of the proceedings, and every purpose of notice is accomplished. The provision was evidently intended as a substitute for the provision of the act of 1871 relative to notice so far at least as the same applies to proceedings for the incorporation of boroughs; or as the learned president of the court below well stated the proposition: "There is neither reason nor necessity for two notices. The notice required by the act of 1895 clearly takes the place of the notice of the act of 1871."

The other and more important question is, whether the act is constitutional. It provides as follows: " Sec. 1. That hereafter in any proceedings for the incorporation of a borough under the laws of this commonwealth the application for such incorporation, upon presentation to the court shall be filed with the clerk, and notice thereof shall be given in one newspaper of the proper county for a period of not less than thirty days immediately before the next regular term following the presentation of such application and the filing thereof, during which time exceptions may be filed to such application by any person interested, and the court at said term after a full investigation of the case, if it shall find that the conditions prescribed by law have been complied with, and shall believe that it is expedient to grant the prayer of the applicants shall grant the same and make a decree accordingly, and said application and decree shall be recorded in the Recorder's office of the proper county at the expense of the applicants, and shall have the same force and effect as is now given by law to the recording of the application and decree in such proceedings."

" Sec. 2. All laws or parts of laws requiring the laying of the application for the incorporation of a borough before the grand

jury and its approval and certificate thereof, and inconsistent herewith, are hereby repealed."

It is argued that the act violates sec. 6 art. 3 of the constitution which reads as follows: "No law shall be revived, amended, or the provisions thereof extended or conferred by a reference to its title only; but so much thereof as is revived, amended, extended or conferred shall be reënacted and published at length." The first section of the act of 1895 changes or alters the law as declared in the acts of 1834 and 1871 and in that sense is an amendment of them. But it is not an amendment or revision of the whole body of laws upon the general subject of the incorporation and powers of boroughs but of that portion of the law only which related to the procedure upon the application for incorporation.

The law relative to the requisites of the petition, the qualifications of the petitioners and the time of signing was not changed; hence it was not necessary to reënact and publish at length the statutory provisions relative to those subjects. But from the time the petition is presented until the final decree is entered and recorded it is, of itself, a complete law for the regulation of the proceedings. And even as to that subject it is not in form an amendatory, but an independent and self-sustaining enactment. It is true it operates as a change or alteration of the old law, and in that sense as an amendment by a repeal of inconsistent provisions. But an act which is complete in itself is not within the constitutional provision although it may, in the way indicated, have an amendatory effect upon other statutes. The leading case upon the subject is People v. Mahaney, 13 Mich. 481, 496 cited in the opinion of the learned president of the court below. "The act before us" said Judge Cooley, "does not assume in terms to revise, alter or amend any prior act or section of an act, but by various transfers of duties it has an amendatory effect by implication, and by its last section it repeals all inconsistent acts. We are unable to see how this conflicts with the provisions referred to. If, whenever a new statute is passed, it is necessary that all prior statutes modified by it by implication should be reënacted and published at length as modified, then a large portion of the whole code of laws of the state would require to be republished at every session, and

parts of it several times over, until from mere immensity of material it would be impossible to tell what the law was." . . . "This constitutional provision must receive a reasonable construction with a view to give it effect. The mischief designed to be remedied was the enactment of amendatory statutes in terms so blind that legislators themselves were deceived in regard to their effect, and the public from the difficulty of making the necessary examination and comparison failed to become apprised of the changes made in the laws. An amendatory act which purported to insert only certain words or to substitute one phrase for another in an act or section which was only referred to but not republished was well calculated to mislead the careless as to its effect, and was perhaps sometimes drawn in that form for that express purpose. Endless confusion was thus introduced into the law and the constitution wisely prohibited such legislation. But an act complete in itself is not within the mischief designed to be remedied by that provision, and it cannot be held to be prohibited by it without violating its plain intent." This construction of the Michigan constitutional provision, which is similar to ours was reaffirmed in People v. Wands, 23 Mich. 385, and Swartwout v. M. C. R. R. Co., 24 Mich. 389, and has generally been followed in other states where like provisions are in force: Pollard & Woods, 40 Ala. 77; Tuscaloosa Br. Co. v. Olmstead, 41 Ala. 9; Branham v. Lange, 16 Ind. 497; Blakemore v. Dolan, 50 Ind. 194; Campbell v. Board of Pharmacy, 16 Vr. 241; DeCamp v. Hebernia R. R. Co., 18 Vr. 43, 49; Evernham v. Hulit, 45 N. J. L. 53; People v. Banks, 67 N. Y. 568; Lehman v. McBride, 15 Oh. St. 573.

Cases from other states will be found cited by Judge COOLEY in his work on Constitutional Limitations, on page 182, where he says: "It should be observed that statutes which amend others by implication are not within this constitutional provision; and it is not essential that they even refer to the acts or sections which by implication they amend." The same idea was concisely expressed in Stuart's Appeal, 163 Pa. 210, where Mr. Justice MITCHELL said: "The constitutional provisions have reference to express amendments only. Its object like that of section two of the same article, requiring each act to have its subject clearly expressed in the title, was to secure, to the leg-

islators themselves and others interested, direct notice, in immediate connection, of its subject and purpose. The constitution does not make the obviously impracticable requirement that every act shall recite all other acts that its operation may incidentally affect either by way of repeal, modification, extension or supply." See also Lloyd v. Smith, 176 Pa. 213; Washington Boro. v. McGeorge, 146 Pa. 248; Wilson v. Downing, 4 Pa. Superior Ct. 487. Barrett's Appeal, 116 Pa. 486, was the case of an express amendment of a particular section of a prior act by adding a provision without reënacting and publishing at length the section as amended. It " was manifestly intended to be amendatory of the original act and nothing else," and was plainly within the mischief designed to be remedied by the constitution. Titusville Iron Works v. Kingston Oil Co., 122 Pa. 627 arose under the act of 1887 which, by declaring how the acts of 1836 and 1845 should be construed, undertook to extend and confer the benefits of those acts to a large class of claimants without reënactment of a single one of the provisions of the acts so extended, and by a reference to their title only. As Mr. Justice WILLIAMS well said : " It would be difficult to imagine a plainer violation of the constitutional provisions." Both of these cases are plainly distinguishable from the present. But it is argued that the act confers powers and imposes duties upon the court which under the prior law belonged to the grand jury to perform. This is true, but surely it cannot be contended that powers and duties exercised by one officer or tribunal cannot be transferred to another officer or tribunal except by an express amendment of the original statute. If it is attempted to be done in that way then the method prescribed by the constitution must be pursued. But there is nothing in the constitution to forbid the enactment of an independent law conferring powers, or imposing duties, (defining them) although it may in effect extend, repeal, modify or amend some previous law upon the subject. The question is, is the new law complete and self-explanatory; if so the constitutional provision has no application. We are of opinion that this question must be answered in the affirmative, therefore it is unnecessary to consider the question raised as to the regularity of the appeal.

All the assignments of error are overruled and the decree is affirmed at the costs of the appellants.