## Hiram Walker & Sons, Inc., Appellant, *v.* Wagner et al.

Argued December 1, 1947. Before MAXEY, C. J., LINN, STERN, PATTERSON and JONES, JJ.

*Linn V. Phillips,* with him *Richard D. Walker* and *Carl B. Shelley,* for appellant.

*Carl F. Chronister,* Deputy Attorney General, with him *T. McKeen Chidsey,* Attorney General, for appellees.

OPINION BY MR. JUSTICE JONES, January 5, 1948:

This is an appeal by the petitioner from an order of the Court of Common Pleas of Dauphin County dismissing an alternative writ of mandamus directed to the members of the Board of Finance and Revenue, in

their official capacities, to show cause why a refund of liquor floor tax, paid by the petitioning corporation, should not be granted. The facts are undisputed.

Hiram Walker & Sons, Inc., in obedience to the Spirituous and Vinous Liquor Floor Tax Law of November 22, 1933, Special Session (1933-1934), P. L. 5, amended by the Act of December 22, 1933, Special Session (1933-1934), P. L. 94, paid to the Department of Revenue of the Commonwealth a tax of $2,070.00 on certain whiskies and other alcoholic beverages in its possession, for which payment the Department issued its receipt to the taxpayer on December 20, 1933. The Act under which the tax was levied and collected was declared unconstitutional by this Court on June 30, 1938, in the case of *Commonwealth ex rel. v. A. Overholt & Co., Inc.*, 331 Pa. 182, 200 A. 849.

By Act of August 5, 1941, P. L. 797, Sec. 503(a)(4), 72 PS § 503, the legislature amended Sec. 503(a) of the Fiscal Code of 1929 [1] (the five-year period of limitations on claims for refunds of taxes paid the State) so as to permit a refund of taxes paid under the void Liquor Floor Tax Law upon applications filed within two years following the effective date of the amendatory Act which, in accordance with Sec. 4 of Art. I of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS § 504, became effective on September 1, 1941. But, it was not until June 5, 1944, that the appellant filed its application with the Board of Finance and Revenue for a refund of the liquor floor tax paid by it on December 20, 1933, as above stated. The appellant contends that its claim for refund is timely because of an amendment of the amendatory Act of 1941 by the Act of May 7, 1943, P. L. 229, Sec. 503(a)(4), 72 PS § 503. The latter Act, by its terms, became effective July 1, 1943. The question thus involved is whether the amendment of 1943 operated to extend the period for

[1] The Act of April 9, 1929, P. L. 343, Art. V, Sec. 503, 72 PS § 503.

filing claims for refund under the Act of 1941 for invalid liquor floor taxes for a period of two years from the effective date of the amendment of 1943, or, in other words, until July 1, 1945. The learned court below answered that question in the negative and, in our opinion, did so correctly.

The only change wrought in the Act of 1941 by the amendment of 1943 was the substitution of the words "final judgment of a court of competent jurisdiction" for the words "the court of final jurisdiction" which latter phrase had led to controversy. In order to effect that change constitutionally, it was necessary that the entire section to which the partial amendment was made be set forth in full in the 1943 amendment: Constitution of Pennsylvania, Art. III, Sec. 6; cf. *Commonwealth ex rel. v. Cooper,* 277 Pa. 554, 559-560, 121 A. 502, and cases there cited; *Appeal of C. N. Barrett,* 116 Pa. 486, 490, 10 A. 36; *Commonwealth v. Pennsylvania Railroad Company,* 88 Pa. Superior Ct. 321, 326. There was a further good reason why the provision in the Act of 1941 authorizing refunds of invalid liquor floor taxes, if filed within two years, had to be carried forward by the 1943 amendment. The time for filing claims for refund under the 1941 Act had not yet expired when the 1943 amendment became effective. Necessarily, the presently pertinent part of the 1941 Act had to be included in the amendment amending another portion of the same section. But, nowhere did the 1943 amendment alter or deal with the period of limitations on claims for tax refunds which the Act of 1941 had prescribed in conjunction with the privilege which it conferred. In that situation, the Statutory Construction Act of 1937, cit. supra, indicates the disposition to be made of the appellant's contention. Sec. 73 of Art. V of that Act directs that "portions of the law which were not altered by the amendment shall be construed as effective from the time of their original enactment . . .". Accordingly, the

unaltered period of limitations prescribed by the amendment of 1941 on claims for refund of liquor floor taxes expired on September 1, 1943. The appellant's application was, therefore, belated; and its petition for mandamus was properly dismissed.

The order of the court below is affirmed.