## Long License

*Paul K. McCormick*, for petitioner.

*Edmund P. Hannum*, Special Deputy Attorney General, for Pennsylvania Liquor Control Board.

*Henry E. Shaw*, for Fairfield Township Ministerial Association.

BAUER, J., April 29, 1948.—This case comes before us on the appeal of Stewart S. Long from the refusal of the Pennsylvania Liquor Control Board to grant a renewal of a restaurant liquor license held by appellant in Fairfield Township, Westmoreland County, Pa. The reason for the refusal to renew the license was stated in a letter from the board to appellant, which was admitted in evidence without objection. The letter contained the following statement: "A certification has been filed with the Pennsylvania Liquor Control Board that the electors of Fairfield Township, Westmoreland County, have voted against the granting of retail malt beverage and retail liquor licenses in that township. Accordingly, as provided by law, the board is without authority to grant or renew, upon

their expiration, any retail liquor licenses in the said township." This appeal is based upon the contention that the referendum held in Fairfield Township was invalid and void because it was not advertised in accordance with statutory requirements.

It is settled in this Commonwealth that a local option referendum is a special election within the terms of the Pennsylvania Election Code of June 3, 1937, P. L. 1333, 25 PS §2600, et seq., as amended; Kram v. Kane et al., 336 Pa. 113; Frederick H. Harper, Jr., Inc., Appeal, 150 Pa. Superior Ct. 569.

Article VI, sec. 637 of the Election Code (25 PS §2787), provides inter alia, as follows:

"Every special election, held under the provisions of this article, shall be held and conducted in all respects in accordance with the provisions of this act relating to November elections, and the provisions of this act relating to November elections shall apply thereto in so far as applicable, and not inconsistent with any other provisions of this act."

It follows that advertisement of a local option referendum must be made in conformity with the provisions of the code with respect to advertisement of a November election. Article XII, sec. 1201 (25 PS §3041), of the code makes the following provision with respect to publication of notice of November elections:

"The county board of each county shall, at least ten days before each November election, give notice of the same by newspaper publication in the county in accordance with the provisions of section 106 of this act, once a week for two successive weeks immediately prior thereto. Such notice shall set forth—(a) the officers to be elected in the State at large, or in said county, or in any district of which said county or part thereof forms a part, or in any city, borough, township, school district, poor district, ward or other district which is contained in such county; (b) the names of the candidates for election to Federal, State, county

and city offices, whose names will appear upon the ballots or ballot labels; (c) the text of all constitutional amendments and other questions to be submitted at such elections; (d) the places at which the election is to be held in the various election districts of the county; and (e) the date of the election and the hours during which the polls will be open. Such notice may include a portion of the form of ballot or diagram of the face of the voting machine in reduced size."

Uncontradicted evidence was offered to show that the primary proclamation published by the County Commissioners of Westmoreland County made no reference to the local option referendum to be held in Fairfield Township. It is admitted by appellant, however, that the county commissioners endeavored to correct this inadvertence by publishing a further, and additional, primary proclamation in three newspapers on August 29, 1947, and September 5, 1947, which proclamation was devoted to the advertisement of notice of the Fairfield Township local option referendum to be held September 9, 1947.

Counsel for the intervenors, the Ministerial Association of Fairfield Township, contend that this belated publication was a sufficient compliance with the statutory requirements. They argue, first, that the Election Code of 1937 was complied with because the first of the two publications, that of August 29, 1947, was "at least ten days before" the election of September 9, 1947, and that the notice was advertised "once a week for two successive weeks" immediately prior to the election, and second, that the code was amended in 1947 by the Act of June 10, 1947, P. L. 487, sec. 2, which reads, in part, as follows:

"Notice of November Elections.—The county board of each county shall, at least ten days before each November election, give notice of the same by newspaper publication in the county in accordance with the

provisions of section 106 of this act, once a week for two successive weeks immediately prior thereto, in counties of the first and second class and once in all other counties."

It is urged that since the 1947 amendment became effective on September 1, 1947, by virtue of the Statutory Construction Act of May 28, 1937, P. L. 1019, as amended, 46 PS §504, the publication of notice of the referendum to be held September 9, 1947, would be governed by the 1947 act, and only one advertisement, at least 10 days before September 9, 1947, would be required. If this were true, the notice of August 29, 1947, counsel for intervenors contend, would be sufficient. With this argument we cannot agree. On the date of the publication of August 29, 1947, the 1947 amendment had not yet become effective. In order to affect that publication, the Act of 1947 would have had to operate retroactively. Section 56, art. IV, of the Statutory Construction Act (46 PS §556), provides as follows: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature". Since no such intention appears in the 1947 act, the requirements of the 1937 Election Code remained in effect until the effective date of the amendment. Were the publications of August 29 and September 5, 1947, a sufficient compliance with the statute requiring publication, "at least ten days before" the election of September 9, 1947, "once a week for two successive weeks immediately prior thereto"? We think not. The meaning of this provision in the code becomes clear when read in the light of article III, sec. 39 of the Statutory Construction Act (46 PS §539), which reads as follows:

"Whenever in any law providing for the publishing of notices, the phrase 'successive weeks' is used, weeks shall be construed as calendar weeks. The publication upon any day of such weeks shall be sufficient publi-

cation for that week, but at least five days shall elapse between each publication. At least the number of weeks specified in 'successive weeks' shall elapse between the first publication and the day for the happening of the event for which publication shall be made."

Under the provisions of that section, at least two weeks should have elapsed between the date of the first publication and September 9, 1947, the date of the election. It might well be argued that the "ten days" provision which appears in the code means that at least 10 days must elapse between the second publication and the election, but in view of the provisions of the Statutory Construction Act just quoted, it becomes unnecessary for us to decide that question. It is our considered conclusion that the failure to advertise in conformity with the statutory requirements renders the local option referendum held in Fairfield Township on September 9, 1947, invalid and void. This conclusion is supported by the opinion of the Supreme Court in Kittanning Country Club's Liquor License Case, 330 Pa. 311, wherein the court stated at page 318:

"It is well settled that the statutory forms prescribed for use in elections of this character must be rigidly adhered to and any variation therefrom will render the election invalid: Barrett's Appeal, 116 Pa. 486; McLaughlin v. Summit Hill Borough, 224 Pa. 425. In our opinion it is apparent that the question was not submitted to the voters in the form required by statute."

In Frederick H. Harper, Jr., Inc., Appeal, supra, it was held by the Superior Court that failure to advertise a local option referendum constituted a defect sufficient to nullify the referendum. See also In re Brady's Appeal, 26 Westmoreland 65, a case decided by the present president judge of this county, Judge Richard D. Laird, in which it was held that local

option referenda held in Donegal Township were nullities because they were not properly advertised as required by the Pennsylvania Election Code.

We have spent considerable time on this case because we have always been of the opinion that in a democracy the will of the people should be upheld, if at all possible. The will of the people of Fairfield Township has been clearly expressed by a majority vote at the polls, showing they desired to have local option. The will of the people, however, must be expressed according to the laws and the interpretation given to those laws by our higher courts. The legislature in passing the laws has made certain provisions which must be complied with in order that the people may express their opinion at the polls. If the requirements as laid down by the legislature have not been complied with, then it becomes incumbent upon the court to rule as a matter of law. In the present case the requirements as expressed in the laws passed by the legislature have not been complied with, and, therefore, the court is bound to declare that the failure to advertise as required by the legislature makes the proceedings invalid and void.

And now, to wit, April 29, 1948, after due and careful consideration, it is ordered, adjudged and decreed that the action of the Pennsylvania Liquor Control Board in refusing the renewal of the restaurant liquor license of Stewart S. Long be, and the same hereby is, reversed, overruled and set aside; and it is further ordered, adjudged and decreed that the said Pennsylvania Liquor Control Board issue to said appellant, Stewart S. Long, a restaurant liquor license for his restaurant situated in Fairfield Township, Westmoreland County, Pa., upon receipt of notice of the filing of this decree and upon receipt of a certified copy thereof, and upon the filing of a proper bond and the payment of the license fee; the costs of this proceeding to be borne by appellant.