Splesniasz et al., Appellants, *v.* Whitehall Cement Manufacturing Company.

Submitted December 12, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Paul A. McGinley,* for appellants.

*Harold A. Butz,* and *Butz, Hudders, Tallman & Rupp,* for appellee.

OPINION BY WOODSIDE, J., March 18, 1959:

The only question involved in this case is the effective date of the Act of August 24, 1953, P. L. 1382. If this act, which was an amendment to The Workmen's Compensation Act, were effective on August 28, 1953, when Joseph J. Splesniasz was killed, his dependents, the plaintiffs, are entitled to a higher rate of workmen's compensation than they would be if it were not effective on that date.

Judge HENNINGER, in an opinion for the court below, held the act became effective September 1, 1953. We agree.

The first two paragraphs of section 4, as amended, of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §504, provides as follows:

"All laws hereafter enacted finally at a regular session of the Legislature, except laws making appropriations, and except laws affecting the budget of any political subdivision, shall be in full force and effect from and after the first day of September next following their final enactment, unless a different date is specified in the law itself, . . .

"Appropriations, laws, or laws having appropriation items, enacted finally at a regular session of the Legislature, shall be in full force and effect from and after the first day of June next following their final enactment, unless a different date is specified in the law itself, or unless any such appropriation law or law

having an appropriation item is enacted finally after the first day of June in any year, in which case it shall be in full force and effect immediately upon final enactment."

The Act of August 24, 1953, P. L. 1382, does not contain an effective date. The appellants contend that the act contained an appropriation item, and was therefore, excepted from the general rule that laws passed before September 1 become effective on that date. They argue that its effective date was governed by the second paragraph of section 4 of the Statutory Construction Act, supra, and was August 24, 1953, the day of its final enactment. The appellee contends that the act in question did not make an appropriation, and its effective date is governed by the first paragraph of section 4 of the Statutory Construction Act, by virtue of which it became effective September 1, 1953.

The Act of 1953, according to its title, amends The Workmen's Compesation Act of June 2, 1915, P. L. 736, as amended, "by further regulating payment of compensation and changing notice requirements in certain cases." It makes no appropriation. An appropriation item contained in it would be unconstitutional because no notice of an appropriation is contained in its title.

Section 3 of the Act of 1953 amended section 307 of The Workmen's Compensation Act of 1915, as amended, 77 PS §561, by increasing compensation to be paid to dependents in death cases. It is the amendment to this section which would increase the amount of compensation which the plaintiffs would receive if the act were effective upon final enactment.

Section 2 of the Act of 1953 amends section 306.1 of the Act of 1915, by changing a "five" to a "seven", the effect being to increase from 500 to 700 the number of weeks which compensation under that section is

payable. The Act of 1953 made no other change in section 306.1.

In order to make this amendment to section 306.1, it was necessary to repeat in the Act of 1953 all of section 306.1 as it existed at that time. Among other matters, the section contained an appropriation of $100,-000 "to the Department of Labor and Industry for compensation payable, by the Commonwealth, under this section for the biennium one thousand nine hundred forty-five—one thousand nine hundred forty-seven."

Section 306.1 was added to The Workmen's Compensation Act by the Act of May 29, 1945, P. L. 1186, and contained the above appropriation item for the biennium of June 1, 1945-May 31, 1947. It was this Act of 1945 and not the amending Act of 1953 which contained the item which made the appropriation. Reference to the titles will show at a glance that the Act of 1945 makes an appropriation and the Act of 1953 does not.

Appropriations to the Department of Labor and Industry to carry out section 306.1 for subsequent bienniums were made in the general appropriation acts, and not by amendments to The Workmen's Compensation Act, until 1956 when the Act of February 28, 1956, P. L. 1120 again amended section 306.1 by adding thereto an appropriation of $50,000 for the biennium 1955-1957. This appropriation was made by again repeating all of section 306.1 as it then existed, including the part which made the appropriation in 1945, and adding thereto a new sentence making the appropriation for 1955-1957.

The intent of the legislature in making the amendment of 1953 to section 306.1 was *solely* to increase the number of weeks certain compensation was payable. To carry out this limited intent it was necessary to repeat the entire section. See Article III, Section 6

of the Constitution of Pennsylvania; *Hiram Walker & Sons v. Wagner*, 358 Pa. 180, 56 A. 2d 107 (1948); *Commonwealth v. Hallberg*, 374 Pa. 554, 97 A. 2d 849 (1953). The legislature did not make an appropriation by the Act of 1953, and certainly had no intention of doing so. An appropriation to carry out the provisions of section 306.1 in the amount of $25,000 for the biennium 1953-55 was made in the General Appropriation Act of 1953.

Only laws "making an appropriation," and "affecting the budget of any poltical subdivision", are excepted from the general rule that when enacted prior to September 1 all laws shall become effective on that date, unless the law itself specifies another effective date.

The intention of the legislature may be ascertained by considering, among other matters, the occasion and necessity for the law; the circumstances under which it was enacted; the object to be attained; and the contemporaneous legislative history. Statutory Construction Act, supra, §51, 46 PS §551. Section 51 of the Statutory Construction Act helps us construe section 4 of that act.

Section 4 is derived from the last Act signed in 1929, the Act of May 17, P. L. 1808. Between 1842 and 1951 only one regular session of the legislature extended beyond July 1, and that one, in 1941, adjourned July 15. The legislature intended the effective date of its laws to be at a time sufficiently long after its anticipated adjournment that the citizens would have an opportunity to examine the laws and familiarize themselves with the change of rules governing and affecting them before the new laws became effective. It was not practical, however, to make this provision applicable to appropriation acts because they are passed to provide funds for a two year period which begins prior to Sep-

tember 1. The fiscal biennium of the Commonwealth extends from June 1st of an odd numbered year through May 31st, two years later. It is, of course, necessary to have funds to carry on the functioning of government between June 1, and September 1, as well as after September 1. It was, therefore, not only advisable, but necessary, to make appropriation acts effective on the first day of the biennium. This was the reason for excepting appropriation acts from the general rule relating to the effective date of statutes.

The appropriation item of the Act of 1945, which happened to be contained in the section amended by the Act of 1953, could not possibly have any connection with the biennium of 1953-55. The appropriation for that biennium was contained in the General Appropriation Act. June 1, 1953, had no relationship to an appropriation made in 1945 for the biennium 1945-47. Even if we were to consider the appropriation item contained in the Act of 1945 as also being in the Act of 1953, it is an item which could under no circumstances become *effective* at any time after June 1, 1947. It would be unreasonable to conclude that the legislature intended the effective date of the Act of 1953 to be governed by an item which could not ever *become* effective. See Statutory Construction Act, supra, section 52, 46 PS §552.

The appropriation made by the Act of 1945 was not remade by the Act of 1953. The latter act breathes no life into the old appropriation and can give it no meaning. The appropriation became effective in 1945, and except for commitments made against it *during* the 1945-47 biennium, it had no effect or meaning after the end of that biennium. Only the new provision in section 306.1 can be construed as having been made effective in 1953 by the amendment. See Statutory Construction Act, supra, Sections 73 and 77, 46

PS §573 and §577; *Hiram Walker & Sons v. Wagner,* supra, 358 Pa. 180, 56 A. 2d 107 (1948).

The Act of 1953 does not make an appropriation and is not excepted from the general rule relating to the effective date of statutes as set forth in section 4 of the Statutory Construction Act, supra. In accordance with the provisions of the first paragraph of that section, the effective date of the Act of 1953 was September 1, 1953.

Judgment affirmed.