# William L. Wilson and George D. Wilson *v.* Lovina B. Downing, Appellant.

*Practice, C. P.—Sheriff's sale—Summary proceedings—Insufficient affidavit.*

In summary proceedings, by a purchaser at a sheriff's sale to obtain possession of realty, authorized by the Act of June 16, 1836, P. L. 780, an affidavit not strictly complying with the terms of the act is invalid.

An affidavit is inadequate which attempts to meet conditions arising under secs. 114 or 115 of the act of 1836, by using the form of oath prescribed by sec. 116, which form is not intended for nor adapted to the conditions covered by either of the former sections.

*Statutes—Constitutional law—Executions—Act of 1878.*

The Act of May 24, 1878, P. L. 134, relating to executions is constitutional. Its provisions are within the limits suggested by its title. It does not offend against art. III. sec. 6, of the constitution forbidding amendments and extensions of acts by mere reference to the title.

Argued Feb. 9, 1897. Appeal, No. 4, Feb. T., 1897, by defendant, from decree of C. P. Centre Co., Nov. T., 1895, No. 7, dismissing exceptions to the judgment of a justice, confirming the same. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, and Reeder, JJ. Affirmed.

Certiorari to justice of the peace.

It appears from the record that this was a certiorari to a justice of the peace bringing up the record of the justice in summary proceedings had before him by the sheriff's vendees to recover possession of premises sold at sheriff's sale under the provisions of the act of June 16, 1836, and the amendment thereto by act of May 24, 1878.

After the testimony was closed and an adjournment had for noon, and when the justice and jurors met after noon, Lovina B. Downing, one of the defendants, presented to the justice an affidavit of claim of title.

Other facts sufficiently appear in the opinion of the court.

The justice entered judgment for the plaintiffs to which exceptions were filed as follows :

The plaintiff in error excepts to the record of the justice and to the proceedings before him as follows, viz :

1. The record and notice attached to the justice's transcript show conclusively that the plaintiffs below failed to give the said Lovina B. Downing and D. O. Downing three months' notice to vacate the premises in dispute, before instituting proceedings before the justice to recover possession. [1]

2. The record showing failure to give preliminary notice to appellant, the justice should have dismissed the proceeding when the notice was offered in evidence by the plaintiff below.

3. That the record, as returned by the said justice of the peace, is defective because it does not show that after the said Lovina B. Downing had made affidavit of claim of title herself that the said justice ever did summon the said Lovina B. Downing to appear before him, as provided for by an act of assembly in such case made and provided. [2]

4. The record of the justice shows affirmatively that he had no jurisdiction to enter any judgment on said proceeding, inasmuch as the said Lovina B. Downing had filed the affidavit and bond required by sections 114 and 115, act of June 16, 1836, prior to the entry of said judgment, whereby and by virtue of which the jurisdiction of the said justice in said proceeding was ousted and superseded. [3]

5. The record shows that after the tender to him of the affidavit and bond referred to he proceeded to decide for himself the question of title to the real estate involved. [4]

6. The record shows that after the tender to him of the bond and affidavit referred to he submitted to the jury the question of fact involved, and the jury under his instruction having found for the plaintiffs, he proceeded to enter judgment in the proceeding in favor of the plaintiffs and assessed their damage at $50.00, all of which was clearly beyond his jurisdiction. [5]

7. The record shows that having entered judgment as aforesaid in favor of the plaintiffs in the proceeding after a tender of the bond and affidavit by the said Lovina B. Downing, the said justice issued a writ or warrant directing the sheriff to deliver possession of the said premises to the plaintiffs below, and to collect the said costs and damage, all of which was done, as appears by the return of the sheriff to said warrant. [6]

8. The said justice erred in giving judgment against the said Lovina B. Downing for the reasons he assigns in his record. He had no power to pass upon the sufficiency of the affidavit,

it appearing that it was made in the exact language of the act of assembly in such case made and provided. [7]

9. The said record is generally erroneous and incorrect, and shows conclusively that the said justice had no jurisdiction to enter any judgment in the said proceeding. [8]

Which were dismissed by the court below and the judgment of the justice confirmed. Defendant appealed.

*Errors assigned* were (1–8) in overruling and in dismissing appellant's exceptions to the record of the justice, reciting same; (9) in making the following order and decree : " And now January 15, 1896, the exceptions are overruled and the judgment of the justice is affirmed; " (10) in not sustaining the exceptions to said record and in not reversing the judgment of the justice and awarding restitution of property; (11) in attempting by an opinion filed to find certain facts dehors the record, which he assigns as sufficient reason for refusing to sustain the exceptions to the record of the justice.

*David F. Fortney*, with him *Charles P. Hewes* and *W. Harrison Walker*, for appellant.—The court below was led into the error it committed in undertaking to find facts dehors the record to support the judgment of the justice, rather than to examine into the regularity of the proceedings before him by the transcript returned : Buchanan v. Baxter, 67 Pa. 348.

A certiorari to a magistrate brings up nothing but the record : Bedford v. Kelly, 61 Pa. 491; Railway Co. v. Keenan, 56 Pa. 198.

The justice has no right to rule on the affidavit, further than to assure himself that it was in the form required by the act of assembly. The moment it was made the jurisdiction of the justice was at an end. Upon the filing of the affidavit in the words of the statute the case was not before the magistrate for further consideration : Elton v. Stokes, 12 W. N. C. 240.

The proceedings may be arrested by making the oath prescribed by the 116th section of the act: Railway Co. v. Keenan, 56 Pa. 198. Like effect was given to affidavits in the words of the act now under consideration in Dean v. Connelly, 6 Pa. 239; Walker v. Bush, 30 Pa. 352.

The Act of May 24, 1878, P. L. 134, is unconstitutional.

Many acts of assembly similarly drawn have been declared unconstitutional: Iron Works v. Oil Co., 122 Pa. 627; Donohugh v. Roberts, 11 W. N. C. 186; Oakley v. Oakley, 11 C. C. Rep. 572.

The title of the act does not express the same so clearly and fully as to give notice of the legislative purpose to those who may be specially interested therein and unless it does this it is useless: Road in Phœnixville, 109 Pa. 44; Quinn v. Cumberland Co., 162 Pa. 55.

*A. O. Furst* with him *Orvis, Bower & Orvis*, for appellees.— The affidavit made by appellant was insufficient and not in compliance with the act of assembly,·so as to stay the further cognizance of the case by the justice. It was made under the 115th section of the act and fails to set forth the name of such person under whom she claims by a title different from that of defendant, as whose property it was sold: Bank v. Cowperthwaite, 10 W. N. C. 532.

The appellant presented her affidavit to the justice too late. No case can be found in which an affidavit under the act of 1836 was presented or filed after a hearing was had and the party presenting the affidavit had testified in the case.

In Brown v. Quinton, 2 Clark, 425, it was held that on the hearing of a certiorari to the judgment of a justice every reasonable presumption will be made in favor of his proceedings consistent with the record. It is well settled that the defendant and all in possession under him subsequent to the entry of the judgment upon which the property was sold must surrender possession to the sheriff's vendee: Duncan v. Sherman, 121 Pa. 520.

The act of May 24, 1878, is not unconstitutional. It is not in any sense such an amending act as the legislation referred to in Iron Works v. Oil Co., 122 Pa. 627 and kindred authorities relied upon by appellant's counsel. It is expressly entitled a supplement to the act of June 16, 1836; it does not enlarge or abridge the rights of any citizen, or even change the process pointed out in the original act. It merely confers jurisdiction on a single justice of peace. It stands upon precisely the same footing as many kindred acts of legislature relating to the jurisdiction of justices, notably the Act of June 6, 1879, P. L. 194,

which enlarges, among other things, the subject-matter of that officer's jurisdiction from $100 as it was under the act of March 20, 1810, to $300 as it now is, and no one has ever dreamed of attacking the act of 1879.

OPINION BY WICKHAM, J., April 19, 1897:

The appellees purchased, at sheriff's sale, a tract of land owned and occupied by Robert W. Downing, and sold on execution as his property. Due notice was given, by the appellees, under the Act of June 16, 1836, P. L. 780, to Downing, and also to the appellant, his wife, and D. O. Downing his son, who were in possession of the land, to remove from and give up the same. This notice being disregarded, proceedings to obtain possession were commenced, before a justice of the peace, against the Downings, under the said act of 1836, and the supplement thereto of May 24, 1878, P. L. 134.

At the hearing and inquisition before the justice, the appellant, claiming the benefit of one or both of sections 114 and 115 of the act of 1836, made and filed the following affidavit: "I, Lovina B. Downing, do swear that I verily believe that I am legally entitled to hold the premises in dispute against the petitioners, that I do not claim the same by, from or under the defendant as whose property the same were sold, that I do not claim the same by, from or under the defendant as whose property the same were sold, by title derived to me subsequently to the rendition of the judgment under which the same were sold but by a different title."

An examination of section 114 of the act and an analysis of the affidavit shows, that the latter does not meet the requirements of either subdivision of this section. The first provides that the claimant to the premises shall swear, that he "has not come into possession and does not claim to hold the same under the defendant in the execution, but in his own right," and the second requires him to state in the oath, "that he has come into possession, under the title derived to him from the said defendant before the judgment under which the execution and sale took place." It will be noticed that there is nothing in the affidavit as to how the appellant did or did not come into possession, nor any assertion that she claims in her own right. To allege, as she does, that she claims under "a different title"

from that of her husband, is not necessarily an averment that she is claiming in her own right. The title on which she relies may be that of a third party and her claim may therefore be in his right. Nor is the affidavit sufficient under section 115 of the act, which provides, "that if the person in possession of the premises shall make oath or affirmation, before the justices, that he does not hold the same under said defendant, but under some other person, whom he shall name, the said justices shall forthwith issue a summons to such person, requiring him to appear" . . . . and if the said person shall appear and make oath or affirmation, that he verily believes that he is legally entitled to the premises in dispute and that he does not claim under the said defendant but by a different title," etc., and shall enter into recognizance, the justices shall forbear to give judgment. Section 116 prescribes the form of oath to be made by the person brought in by the summons referred to in section 115, and unfortunately for the appellant, this form, not intended for nor adapted to, her case, is the one she adopted. If she held under some other person than the defendant in the execution, she should have so stated and named the person.

We are of the opinion that the affidavit was not offered too late, but, as it utterly fails to comply with the act of assembly, the justice rightly disregarded it.

The objections to the constitutionality of the act of 1878 are baseless. The act is entitled " A further supplement to an Act entitled, ' An Act relating to executions,' approved June 16, 1836, providing that one justice of the peace, alderman, or magistrate shall act where two are now required." Its provisions being within the limits suggested by the title, and being also germane to the subject of the original statute, its title is sufficient: Craig v. First Pres. Church, 88 Pa. 42, Millvale Borough v. Evergreen Ry. Co., 131 Pa. 1. Nor is the act contrary to act 3, sec. 6 of the Constitution of 1874, which provides that " No law shall be revived, amended or the provisions thereof extended or conferred, by reference to its title only, but so much thereof as is revived, amended, extended or conferred, shall be re-enacted and published at length." What is meant by these words is, that all statutes shall be self-explanatory and complete in their provisions, Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627, and this act comes up to that requirement. The

constitution of Ohio contains a clause very similar to the above, to wit: "No Act shall ever be revised or amended by mere reference to its title, but the act revised or section amended shall be set forth and published at full length." In Lehman v. McBride, 15 Ohio, 573, 602, 603, the court say, "As we understand this clause of the constitution, it requires, in the case of an amendment of a section or sections of a prior statute, that the new Act shall contain, not the section or sections, which it proposes to amend, but the section or sections in full as it purports to amend them. That is, it requires, not a recital of the old section, but a full statement, in terms, of the new one . . . . The constitutional provision was intended, mainly, to prevent improvident legislation, and with that view, as well as for the purpose of making all acts, when amended, intelligible, without an examination of the statute as it stood, prior to the amendment, it requires every section, which is intended to supersede a former one, to be fully set out." This is a reasonable construction, and one fully applicable to the clause above quoted from our own constitution.

Judgment affirmed.