# Commonwealth *v.* Pennsylvania Railroad Company.

*Railroads—Fires—Liability for—Indictment under Act of June 3, 1915, P. L. 797.*

A railroad company cannot be charged as a "person" by indictment under section 1005 of the Act of June 3, 1915, P. L. 797, 804, with having set fire to forest lands.

Nor is the meaning of the word "person" employed in section 1005, enlarged by the Act of April 26, 1923, P. L. 95, purporting to add a new section 1202 to the Act of June 3, 1915. That amendment does not conform with section 6, article 3 of the Constitution, which provides that "No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length."

Argued April 12, 1926. Appeal No. 183, April T., 1926, by plaintiff, from order of Q. S. Armstrong County, September Sessions, 1924, No. 109, in the case of Commonwealth of Pennsylvania v. Pennsylvania Railroad Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment under Act of June 3, 1915, P. L. 797, as amended by the Act of May 7, 1923, P. L. 141. Before CRISWELL, P. J., of 28th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty. Subsequently the defendant filed a motion in arrest of judgment which the Court made absolute. Commonwealth appealed.

*Error assigned* was the decree of the Court.

*Frank I. Gollmar,* Deputy Attorney General, and with him *Paul L. Hutchison,* Attorney for the Dept. of Forests and Waters, *Blaine Mast,* District Attorney, and *George W. Woodruff,* Attorney General, for appellant.—The term persons as used in the Act includes corporations: Commonwealth v. Trust Co., 211 Pa. 51; Commonwealth v. Justice, 34 Pa. 165; Appeal of Fox, 112 Pa. 337; Commonwealth v. Bailey et al., 20 Pa. Superior Ct. 210; School Directors v. Bank, 8 Watts 289; Philadelphia Savings Fund v. Yard, 9 Pa. 359; Commonwealth v. Potter Sons & Co., 159 Pa. 583.

*Harry C. Golden,* for appellee.

OPINION BY LINN, J., July 8, 1926:

The Commonwealth appeals from an order of the quarter sessions granting defendant's motion in arrest of judgment. The indictment charged that defendant "did unlawfully, either accidentally or otherwise directly or indirectly, set fire to and cause to be set on fire, certain woodlands, forests, wild land and property, material and vegetation being and growing thereon, without permission of the owners......by sparks, hot coals, and other inflammable material, emitted from a certain locomotive and railroad engine ......then and there operated by the agents and em-

ployees of the said Pennsylvania Railroad Company, a corporation." Six such offenses were alleged to have been committed, April 11, 14, 15, 16, 1924, respectively. They are charged in the words of section 1005 of the act of June 3, 1915, P. L. 797, as amended May 7, 1923, P. L. 141: "(a) It shall be unlawful for any person to set fire to, or to employ an agent to cause to be set on fire, either accidentally or otherwise, directly or indirectly, in person or by said agent, any woodlot, forest, or wild land, or property, material, or vegetation being or growing thereon, without permission of the owner, either by dropping lighted matches, tobacco, or other substances, or in any other manner whatsoever; or to start fires anywhere and permit them to spread to woodlots, forest, or wild land, thereby causing damage to or destruction of such property, as aforesaid......"

The indictment was submitted to the grand jury by leave of court, and after a true bill was returned, the district attorney obtained a rule on defendant to show cause why a writ of venire facias ad respondendum should not issue, requiring defendant to appear and answer. To that rule defendant replied that the indictment should be quashed and the rule be discharged on the ground that the statute under which the indictment was drawn, did not penalize a railroad corporation for the acts charged in the indictment. The court below refused to quash and directed the writ to issue. A trial resulted in a verdict of guilty; judgment was arrested and this appeal followed.

The first and second assignments of error are to extracts from the opinion of the court; such extracts are not the subject of assignments of error: Seltzer v. Boyer, 224 Pa. 369, 373. The remaining assignment is to the arrest of the judgment.

The Act of June 3, 1915, P. L. 797, amended May 7, 1923, P. L. 141, is entitled "An Act to establish a Bureau of Forest Protection within the Department of Forestry; designating the officers who shall constitute

the Bureau, their duties and salaries; prescribing penalties for the violation thereof; and repealing all laws, general, special, or local, or any parts thereof, that may be inconsistent with or supplied by this act.''

The Commonwealth now contends that the word ''person'' used in the amended section 1005, supra, includes a railroad corporation. The court below was of opinion that it does not and accordingly granted defendant's motion.

We are dealing with the penal provision of a statute; it requires strict construction. Article X, entitled ''Penalties,'' in which section 1005 appears, deals with penalties specifically imposed as the respective sections indicate:—section 1001 for a fire warden's neglect of duty; section 1002 for refusing to aid a fire warden; section 1003 for hindering an officer performing his duty; section 1004 imposes a penalty upon ''every person or corporation refusing to comply with an order of the chief forest fire-warden for the abatement of a nuisance, under this act''; section 1005 makes it a misdemeanor for any person to do what is prohibited in clause (a) and a felony to do what is prohibited in clause (b); section 1006 specifically refers to steam and electric railroad companies. The defendant corporation was not indicted under section 1004, for failing to comply with any order of the chief forest fire-warden, nor was this proceeding under section 1006 for the neglect or refusal to put into effect the regulations prescribed as required by that section. On the contrary, the passage quoted from the indictment compared with the amended section as quoted, shows that the draftsman of the indictment had that section before him when he drew the charge. Excepting in the two instances mentioned—sections 1004 and 1006—the scope of article X was particularly restricted to the conduct of persons,—natural persons; when it was intended to include corporations, and particularly elec-

tric railroad companies and railroad corporations, they were distinctly specified. The rule of strict construction therefore required the judgment entered below.

The Commonwealth suggests that the meaning to be attributed to the word "person" in section 1005, as amended May 7, 1923, was enlarged by an act of April 26, 1923, P. L. 95, adding a new section, 1202, entitled "Definitions," to article XII of the Act of June 3, 1915; and that the word "person" in section 1005 thereafter included in the words of section 1202 "not only individuals or natural persons, but as well artificial persons existing only in contemplation of law, and shall be construed to mean associations, partnerships, limited partnerships, joint-stock corporations, and corporations, and their officers, agents, and employees." The court below held that amendment did not conform with section 6, article III, of the Constitution which provides: "No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length." The title of the amendment is as follows: "To amend section XII of an act, approved the third day of June, one thousand nine hundred and fifteen (Pamphlet Laws, seven hundred and ninety-seven) entitled 'An Act to establish a Bureau of Forest Protection within the Department of Forestry; designating the officers who shall constitute the bureau, their duties and salaries; prescribing penalties for the violation thereof, and repealing all laws, general, special, or local, or any parts thereof, that may be inconsistent with or supplied by this act,' by adding thereto a section, to be section twelve hundred and two, defining certain terms."

If the word "person," as originally used in article X, did not include a railroad corporation, as obviously it did not (Appeal of Fox, 112 Pa. 337, 351), the word

"person" in that article could not be enlarged to include such corporation by the mere addition in 1923 to article XII, the essential part of which has just been quoted. If it were desired to amend or enlarge section 1005, as suggested in the Commonwealth's argument, the Constitution requires that "so much thereof as is. ......amended......shall be re-enacted and published at length": Com. ex rel. v. Cooper, 277 Pa. 554, 559. "The words 'only' and 'so much' in article III, section 6, of the Constitution, necessarily carry with them the idea that a later statute will be valid although the amendment is made 'by reference to [the] title.' of the act to be amended, if also 'so much' of it 'as is revived, amended, extended or conferred shall be re-enacted and published at length.' Barrett's App., 116 Pa. 487, sometimes cited as deciding differently, has no such effect. There it was attempted to amend a statute, without either quoting it or re-enacting it as it was to be when amended, although the purpose was simply to add to the original statute, every part of which was intended to continue in force." Com. v. Cooper, supra. We agree with the court below.

The order appealed from is affirmed.