## Commonwealth v. Franklin Athletic Club

*Edward G. Wink*, assistant district attorney, for Commonwealth.

*Paul N. Schaeffer*, for defendant.

HESS, J., December 6, 1948.—Defendant Franklin Athletic Club is an incorporated club chartered under the provisions of the nonprofit corporation laws of Pennsylvania. It was indicted along with certain employes in bills of indictment to the above-captioned session and number, charged with unlawful sales of liquor and malt beverages to nonmembers. The employes pleaded guilty and sentence has been imposed as to them. Defendant Franklin Athletic Club filed a motion to quash the indictments.

The indictments are drawn as being nos. 85, 85-A, 85-B, and 85-C, September sessions, 1948. In two counts in each indictment defendant is charged: (1) That being the holder of a club liquor license it sold liquor to nonmembers; (2) That being the holder of a club liquor license it sold beer to nonmembers. Defendant filed a motion to quash the indictments upon

the ground that the alderman's transcript failed to show that any warrant or other process had been served upon the club defendant and that, upon the record, the club could not be held to be in court. This contention was disposed of in an opinion filed September 21, 1948, and neither the Commonwealth nor defendant have offered any authorities or argument contrary to the authority there relied upon by us.

In the same memorandum of opinion, however, we indicated that there is grave doubt whether an incorporated club can be prosecuted under the provisions of the Pennsylvania Liquor Control Act. Defendant thereafter filed a written brief arguing that an incorporated club could not thus be prosecuted, and renewed its motion to quash the indictment. We understand that the Deputy Attorney General representing the Pennsylvania Liquor Control Board holds the same views. The district attorney filed a written brief in which it is contended that incorporated clubs can be prosecuted as corporate entities.

Defendant admittedly is the holder of a club liquor license issued to it under the authority of the Pennsylvania Liquor Control Act of November 29, 1933, P. L. 15 (sp. sess.), 47 PS §744, as variously amended. As such licensee it had the right to sell both beer and liquor: Liquor Control Act, supra, section 412, 47 PS §744-412. In 1937 the General Assembly first inserted the provision prohibiting club licensees from selling to nonmembers: Act of June 16, 1937, P. L. 1762, section 411, 47 PS §744-411. Sales to nonmembers are now misdemeanors and are made such by section 610, 47 PS §744-610, which provides that:

"(a) Any person who shall violate any of the provisions of this act shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine of not less than one hundred dollars ($100.00) nor more than three hundred dollars ($300.00), and,

on failure to pay such fine, to imprisonment for not less than one month nor more than three months, and for any subsequent offense shall be sentenced to pay a fine of not less than three hundred dollars ($300.00) nor more than five hundred dollars ($500.00) and to undergo imprisonment for a period of not less than three months nor more than one year."

The section quoted refers to "any person . . .". Section 2, 47 PS §744-2, defines "person" in the following language:

" 'Person.' Every natural person, association, or corporation. Whenever used in a clause prescribing or imposing a fine or imprisonment, or both, the term 'person,' as applied to 'association,' shall mean the partners or members thereof, and, as applied to 'corporation,' shall mean the officers thereof, except, as to incorporated clubs, the term 'person' shall mean such individual or individuals who, under the by-laws of such club, shall have jurisdiction over the possession and sale of liquor therein."

It is apparent that the legislature has definitely limited the meaning of the word "person" as applied to incorporated clubs when used in reference to the penal provisions for violation of the Liquor Control Act. The legislature, in clear and unambiguous language, states that:

". . . as to incorporated clubs, the term 'person' shall mean such individual or individuals who, under the by-laws of such club, shall have jurisdiction over the possession and sale of liquor therein."

As stated in Commonwealth v. P. R. R. Co., 88 Pa. Superior Ct. 321, 324: "We are dealing with the penal provision of a statute; it requires strict construction." No one not included under the legislature's definition of a "person" can be held liable under this statute. In Commonwealth v. P. R. R. Co., supra, the Commonwealth indicted a corporation under a statute which

made it a misdemeanor for any person to do certain things. In sustaining a motion in arrest of judgment after a verdict of guilty, the court at pp. 324-325 stated:

"Excepting in the two instances mentioned—sections 1004 and 1006—the scope of article X was particularly restricted to the conduct of persons,—natural persons; when it was intended to include corporations, and particularly electric railroad companies and railroad corporations, they were distinctly specified. The rule of strict construction therefore required the judgment entered below."

". . . a penal statute designating as subject to its penalties a particular class of persons, exonerates all not belonging to such class": Endlich on the Interpretation of Statutes, §397, p. 557.

In section 365, p. 510, the same authority states:

"A construction put upon an act by the Legislature itself, by means of a provision embodied in the same, that it shall or shall not be construed in a certain designated manner, is binding upon the courts, although the latter, without such a direction, would have understood the language to mean something different."

Section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, states in part:

"The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the Legislature. Every law shall be construed, if possible, to give effect to all its provisions."

To hold that the word "person" as used in section 610 of the Liquor Control Act means, or embraces within its meaning, an incorporated club would be to disregard, and to fail to give effect to the plain legislative mandate.

The district attorney in his brief argues that strict construction in this instance is improper and contends that it was not the intention of the legislature to pre-

clude the possibility of incorporated clubs being held criminally responsible as corporate entities for the acts of their agents or employes. He argues that the clubs will be quite willing to pay the fines of employes who are convicted of violating the law as long as the clubs are immune from prosecution. In other words, it is contended that under our construction the enforcement of the liquor laws in relation to clubs will be made more difficult.

We fail to see the validity of that contention. The liquor laws are violated not by the corporate entities but by those club officials and employes who have charge of the possession and sale of beer and liquor. To permit those officials and employes to hide behind the fiction of a corporate veil tends to make them careless and in many instances to recklessly disregard the prohibitions of the liquor laws. Those individuals rely upon the fact that if violations take place the club will be prosecuted and not the officers who are actually responsible for conducting the affairs of the club. Clubs cannot be sentenced to prison for violations of the law but individuals can be so sentenced. Clubs as corporate entities can be penalized by the Liquor Control Board, if the circumstances so warrant, by the institution of proceedings to revoke licenses. The individuals responsible for the existence of such conditions and violations can, and should be, prosecuted, and if guilty, sentenced in accordance with the penalties set forth in the Liquor Control Act.

A study of the Beverage License Law of May 3, 1933, P. L. 252 (sp. sess.), 47 PS §84, as amended, indicates that the sections of that act comparable to the sections of the Liquor Control Act now under consideration are somewhat differently worded. In 1937 the legislature also provided that clubs holding malt beverage licenses may not sell beer to nonmembers. Section

29 of the Act of 1933, 47 PS §100 (*l*), as variously amended, contains a penalty provision as follows:

"(a) Any person, copartnership, association or corporation, or any officer, director, servant, employe or agent of any copartnership, association or corporation, violating any of the provisions of this act shall be guilty of a misdemeanor, and, upon conviction thereof, shall be sentenced to pay a fine of not less than one hundred dollars ($100) nor more than three hundred dollars ($300), and, on failure to pay such fine, to imprisonment for not less than one month nor more than three months for the first offense, and for any second or subsequent offense shall be sentenced, upon conviction, to pay a fine of not less than three hundred dollars ($300) nor more than five hundred dollars ($500), and shall be sentenced to imprisonment for a term of not less than three months nor more than one year."

Section 2 of the Act of 1933, supra, defines "person" as: "(b) The word 'person' means and includes natural persons, associations, partnerships and corporations." The question of whether or not a club holding a malt beverage license can be prosecuted as a corporate entity is not now before us and our interest in the quoted provisions of the Beverage License Law is now important only insofar as they may affect our construction of the provisions of the Liquor Control Act.

"Laws in pari materia shall be construed together, if possible, as one law": Act of May 28, 1937, P. L. 1019, section 62, 46 PS §562. Considering the unrestricted language of the Beverage License Law in defining "person" and the restricted language of the Liquor Control Act in defining "person" insofar as the term relates to clauses "prescribing or imposing a fine or imprisonment", we are of the opinion that the restricted language should prevail in deciding the question now before us. When laws in pari materia follow

divergent courses in providing what persons or entities may be the subject of criminal prosecutions, the principle of law requiring strict construction of penal provisions takes precedence over the principle that laws in pari materia "shall be construed together, if possible, as one law".

And now, to wit, December 6, 1948, the motion of defendant Franklin Athletic Club to quash the indictments is sustained and the indictments to September sessions, 1948, nos. 85, 85-A, 85-B and 85-C, are quashed as to defendant Franklin Athletic Club.