Commonwealth, Appellant, *v.* Hallberg.

Submitted April 16, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Frank A. Orban, Jr.*, District Attorney, *Randolph C. Ryder*, Deputy Attorney General, and *Robert E. Woodside*, Attorney General, for appellant.

*Daniel J. Snyder, Jr., Joseph N. Cascio, Clarence L. Shaver, Kunkle & Trescher, Fike & Cascio* and *Shaver & Heckman*, for appellee.

OPINION BY DITHRICH, J., June 5, 1951:

We are concerned here with section 905 of The Vehicle Code, Act of May 1, 1929, P. L. 905, Article IX, 75 PS §455, as amended. In the original Act this section was entitled "Permits for Excessive Size and Weight" and contained two subsections. Subsection (a) provided, inter alia, for the issuance upon application of a special permit authorizing the applicant to move a vehicle of a size or weight exceeding specified maximums upon highways within the Commonwealth. Subsection (b) provided for the lawful movement of such vehicle without a permit in the event of catastrophe or accident affecting public convenience. Accompanying these subsections was a penalty clause prescribing a punishment where vehicles exceeding the

maximum in size or weight were moved without a permit.

The Act of 1929 was amended by the Act of June 22, 1931, P. L. 751, §2. Section 905 was changed only in that subsection (a) was broadened. Subsection (b) and the penalty clause were unamended but were set out in full.

The Act of 1929 was again amended by the Act of July 16, 1935, P. L. 1056, §27. Subsection (a) of section 905 appeared in its amended form, but neither subsection (b) nor the penalty clause was set forth in that amendatory Act.

By the Act of June 5, 1937, P. L. 1718, §1, the original statute was again amended. Subsection (a) was printed in its amended form, but once more subsection (b) and the penalty clause were omitted.

Briefly, the relevant facts are as follows. Defendant was arrested by a Pennsylvania State Policeman May 5, 1950, in Somerset Borough, Somerset County, for an alleged violation of section 905(a) of the Act of 1929, supra, as amended. After a hearing before a justice of the peace he was found guilty and sentenced to pay $50 and costs in accordance with the penalty provision of the original Act. The court below allowed an appeal and, upon motion of counsel for defendant, quashed the information on the ground that "the omission of . . . the penalty clause of Section 905 in the amendatory Act of 1937 amounts to an abrogation thereof from the Motor Vehicle Code." The Commonwealth appealed, as it had a right to do, this order of the court below being predicated on a question of law, and not on a determination of the guilt or innocence of the defendant. See *Commonwealth ex rel. v. Pahlman*, 118 Pa. Superior Ct. 175, 179 A. 910.

Was the penalty clause of section 905 of The Vehicle Code abrogated by the Legislature's failure to

restate it in the amendatory Act of 1937?[1] It is our opinion that it was. Momentarily turning aside from a consideration of legislative intent, we are confronted at the outset with Article III, section 6 of the Pennsylvania Constitution, wherein it is provided: "No law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only, *but so much thereof as is revived, amended, extended or conferred shall be re-enacted and published at length.*" (Emphasis added.)

This constitutional provision was construed in *Commonwealth ex rel. v. Cooper,* 277 Pa. 554, 121 A. 502. There the Supreme Court approved the language of the Ohio Court in *Lehman v. McBride,* 15 Ohio 573, 602, 603, as quoted in *Wilson v. Downing,* 4 Pa. Superior Ct. 487, 493. In the Ohio case it was said with regard to a similar constitutional provision that "it requires, in the case of an amendment of a section or sections of a prior statute, that the new Act shall contain .. ; the section or sections *in full* as it purports to amend them," and "it requires every section, which is intended to supersede a former one, *to be fully set out.*" (Emphasis added.) Cf. *Hiram Walker & Sons, Inc., v. Wagner,* 358 Pa. 180, 56 A. 2d 107; *Commonwealth v. Pennsylvania Railroad Co.,* 88 Pa. Superior Ct. 321.

The Statutory Construction Act of 1937, P. L. 1019, Article VI, §81, 46 PS §581, is consistent with the constitutional provision as interpreted and in a sense complements it. That Act provides: "Whenever a law re-

---

[1] Historical Note, 75 PS §455, page 248: "The act of 1937, June 5, P. L. 1718, §1, purports to amend entire section, but in the form in which it appears seems to affect only clause (a). Clause (b) and the penalty paragraph were not included in the section as amended. The effect of the 1937 amendment being questionable, the text of clause (b) and the penalty paragraph are retained as a part of this section."

enacts a former law, the provisions common to both laws shall date from their first adoption. *Such provisions only of the former law as are omitted from the re-enactment shall be deemed abrogated,* and only the new or changed provisions shall be deemed to be the law from the effective date of the re-enactment." (Emphasis added.)

A significant difference may be observed in the amendments of 1935 and 1937. Though the penalty clause was omitted in both Acts, section 27 of the former, by way of introduction, stated, "That *subsection (a) of section 905* of said act [1929], as amended by the act . . . [of 1931], is hereby further amended to read as follows"; while section 1 of the latter, also by way of introduction, stated, "That *sections . . . [905 and 906]* of the act . . . [of 1929] . . ., as amended by . . . [Act of 1935], are hereby further amended to read as follows." (Emphasis added.) It is clear that the Legislature intended by the Act of 1937 to amend *entirely* section 905, to substitute, so to speak, a new section 905 for the original section 905 as theretofore amended. Therefore, if the intent of the Legislature was that the penalty clause should be re-enacted, in light of the constitutional provision and the provision of the Statutory Construction Act quoted above, it was incumbent upon it to re-enact and publish at length that portion of the prior law. But, whether the failure to provide for the continuation of the penalty clause of section 905 was intentional or merely an oversight is immaterial; we must construe the statute according to its terms as enacted. *Commonwealth ex rel. Varronne v. Cunningham,* 365 Pa. 68, 71, 73 A. 2d 705.

We are, however, not disposed to say that it was not the legislative intent to effect an abrogation of the penalty clause by the mere omission of it in the amendatory Act. An examination of section 903 of The Vehicle Code and its subsequent amendments reveals

that in those instances where the amendatory Act stated generally that section 903 was being amended, that section in its amended form set forth the corresponding penalty clause in full, even though it was a mere repetition of the wording of the clause as it existed prior to the current re-enactment. Conversely, in those instances where the amendatory Act stated that a particular subsection of section 903 of the Code was being amended, the penalty provision was not set out, unless it was itself being amended.[2] Turning to section 905 of the Code, we find that section 2 of the Act of 1931 purported to amend section 905 generally, and the penalty clause was set out. Section 27 of the Act of 1935 purported to amend only subsection (a) of section 905. The penalty clause, therefore, was not set out. But, section 1 of the Act of 1937 purported to amend section 905 generally, yet inconsistently omitted to repeat the penalty clause. Moreover, the title to the Act of 1937 stated expressly that the Act was, inter alia, *"changing and imposing penalties."* (Emphasis added.)

It is our belief, based on what appears to be legislative practice with regard to these sections, that the Legislature was aware of the requirements incident to amendatory legislation arising out of Article III, section 6 of the Constitution and its complementing statute, section 81 of the Statutory Construction Act of 1937, supra. Hence, if it were the legislative intent that the penalty clause in question was to continue in effect, that clause would have been re-enacted in the Act of 1937.

---

[2] Act of May 1, 1929, P. L. 905, Article IX, §903, 75 PS §453; as amended 1931, June 22, P. L. 751, §2; 1937, June 29, P. L. 2329, §2; 1939, June 27, P. L. 1135, §22; 1943, May 26, P. L. 618, §2; 1945, April 27, P. L. 328, §1; 1949, May 18, P. L. 1412, §29.

It should be noted that sections 902 and 903 (75 PS §§452-453) of The Vehicle Code of 1929, which establish the maximum size and weight of vehicles and loads, provide for penalties to be attached to violations of the sections by movement of vehicles whose size or weight exceeds the lawful maximums. Those penalty clauses have always been in effect and it seems logical to assume that the Legislature intended that all movements in violation of sections 902 and 903, made without the permit provided for in section 905, should be punished exclusively by the penalty clauses provided by sections 902 and 903.

Without deciding its effect, we point out that the last amendment[3] to section 610 of The Tractor Code[4] failed to repeat the penalty clause which had theretofore been a part of it. Sections 607, 608, and 610 of that Code are analogous to sections 902, 903, and 905 of The Vehicle Code. It might be said that by omitting the penalty clause of section 610, the Legislature intended that movement of tractors or trailers in violation of sections 607 and 608 (75 PS §§1061-1062), without the permit provided for in section 610, should be punished solely by the penalty clauses of sections 607 and 608. This consistency between The Tractor Code and The Vehicle Code tends to show that the omission of the penalty clause in section 905 of The Vehicle Code was not the product of oversight but of design.

The Commonwealth relies chiefly on section 71 of the Statutory Construction Act of May 28, 1937, P. L. 1019, Article V, §71, 46 PS §571, which provides in part: "The Secretary of the Commonwealth shall, in printing amendatory laws, cause to be printed the sec-

---

[3] Act of May 13, 1949, P. L. 1322, §1, 75 PS §1064.

[4] Act of May 1, 1929, P. L. 1005, 75 PS §861 et seq.

tion or part of the law only as re-enacted. In the section or part of the law re-enacted, the secretary shall cause to be printed between brackets, the words, phrases, or provisions of the existing law, if any, which have been stricken out or eliminated by the adoption of the amendment, and he shall cause to be printed in italics all new words, phrases or provisions, if any, which have been inserted into or added to the law by the passage of such amendment." It is argued that the Legislature's failure to restate the penalty clause of section 905 within brackets in the Act of 1937 indicated the absence of an intent to abrogate it. That, of course, is a factor to be noted in arriving at the legislative intent, but, with justification, it may be said in reconciling the conflicting indicia of intent that the Legislature conceivably did not believe the abrogation of a penalty clause from an amending Act purporting to amend the *whole* of a section was within the scope of section 71.

However, it must be borne in mind, as we have already said, that the question is not so much what was intended as it is what was the legal effect of that which was done. It must be recognized that if under Article III, section 6 of the Constitution and section 81 of the Statutory Construction Act of 1937, as we understand them, the legal effect of the failure to print the penalty clause, all things considered, was an abrogation of it, the lack of compliance with section 71 could not alter the legal result. Indeed, we believe that section 71 is not inconsistent with the result that necessarily flows from the plain meaning of the constitutional provision and section 81 of the Statutory Construction Act, for there is nothing in the Act suggesting that where an entire section of existing law is purportedly amended and is partly re-enacted, the printing and bracketing of an independent portion of the section not re-enacted is mandatory if

an abrogation is to be effected. On the other hand, the meaning of the Constitution and section 81 is clear that a failure to restate a portion of existing law under the circumstances aforesaid results in its abrogation.

The Commonwealth also contends that a decision adverse to it will frustrate the purpose of the constitutional provision, as stated in *Wilkes-Barre v. Pennsylvania Public Utility Commission,* 164 Pa. Superior Ct. 210, 216, 63 A. 2d 452: "The two constitutional provisions [Article III, §3[5] and §6], taken together, forbid blind amendments, that is, express amendments which do not place the proposed act before the legislators in a form that will enable them without reference to a prior act to understand clearly the change proposed to be made in the statutes of the State." Or, stated otherwise, the purpose of the constitutional provision was to prevent improvident legislation, as well as for the purpose of making all Acts, when amended, intelligible, without an examination of the statute as it stood prior to the amendment. *Commonwealth ex rel. v. Cooper,* supra. In our opinion our holding does not violate the purposes as above set out, for the language of the amendatory Act clearly states "That sections . . . [905 and 906] . . . are hereby further amended *to read as follows.*" (Emphasis added.) In addition, the title of the Act forewarned that penalties would be changed.

Order affirmed.

---

[5] Article III, §3: "No bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title."