## Commonwealth v. Fox

*Kunkle & Trescher*, for appellant.

LAIRD, P. J., June 13, 1951.—On June 15, 1950, an information was made before a justice of the peace by a State policeman, charging defendant with the violation of The Vehicle Code. A hearing was had on July 7, 1950, and on July 17, 1950, defendant was pronounced guilty by the justice of the peace. On July 20, 1950, on petition of defendant a writ of certiorari to this court was allowed and the matter is now before us on the question of the jurisdiction of the justice and the regularity of his proceedings. We are not concerned, therefore, with the guilt or innocence of defendant.

The magistrate found defendant guilty of a violation of subsection (*a*) of section 905 of The Vehicle

Code of May 1, 1929, P. L. 905 as amended, 75 PS §455,* and imposed a fine of $50 and costs. This, we think, was error. The original Act of May 1, 1929, and some of the subsequent amendments provided a penalty for a violation thereof, but the last amendment, to wit, the Act of June 5, 1937, P. L. 1718, omitted the section or clause imposing a penalty. Consequently we are of opinion that the justice had no authority or jurisdiction to impose a fine or costs.

A somewhat similar case was before the Superior Court recently and in an opinion written by Judge Dithrich, handed down June 5, 1951, in the case of the Commonwealth of Pennsylvania v. Hallberg, 168 Pa. Superior Ct. 596, Judge Dithrich said, inter alia:

"It is clear that the Legislature intended by the Act of 1937 to amend *entirely* Section 905, to substitute, so to speak, a new section 905 for the original section 905 as theretofore amended. Therefore, if the intent of the Legislature was that the penalty clause should be re-enacted, in light of the constitutional provision and the provision of the Statutory Construction Act quoted above, it was incumbent upon it to re-enact and publish at length that portion of the prior law. But, whether the failure to provide for the continuation of the penalty clause of section 905 was intentional or merely an oversight is immaterial; we must construe the statute according to its terms as enacted."

We are of opinion, therefore, that the act contains no penalty for its violation and that the justice was, therefore, without authority to impose a fine and costs on defendant. The proceedings before the justice, therefore, should be reversed and set aside.

And now, to wit, June 13, 1951, after argument and after due and careful consideration, it is ordered, ad-

---

* See Historical Note.

judged and decreed that the proceedings before the justice be and the same hereby are reversed and set aside.