## Commonwealth v. Taber

*High, Swartz, Flynn & Roberts*, for Commonwealth.
*David E. Groshens*, for defendant.

DANNENHOWER, J., February 1, 1952.—Defendant, Natalie Taber, was arrested and charged with a violation of Ordinance 388, as amended by Ordinance 389

of the Borough of Lansdale, in that "she did fail to register with the Lansdale Police, as required by section 2(j) of said ordinance".

After a hearing before a justice of the peace, she was convicted and fined, and this appeal followed.

At the hearing on the appeal, the testimony disclosed that defendant, a married woman, whose husband is in a State hospital, in order to support her two children, made small lace bags, enclosing sachet powder, tied with a yellow ribbon, which she was selling for 25 cents each. She did not sell or offer to sell these articles from house to house, or on the streets, alleys or pavements of the borough, but only entered stores and sold to the proprietor or his lady employes. She had just left one store and was about to enter another store when questioned by the police and arrested.

The pertinent section of the ordinance, which provides for the regulation and licensing of any person engaging in the trade, occupation, business or profession of operating

"(j) as a hawker, peddler, transient merchant, traveling junk dealer, or agent or employee either by selling or purchasing, or offering to sell or purchase by sample or otherwise, any foodstuffs, goods, wares or other merchandise, *from house to house, or upon the streets, alleys or pavements of the Borough* at wholesale or retail within the limits of the Borough of Lansdale", etc. (Italics supplied.)

The evidence shows that defendant went from store to store, not from door to door, or house to house. Therefore, the question to be decided is: Did defendant peddle her articles from house to house within the meaning of this ordinance?

The borough contends that the word "house" in the ordinance should receive a very broad meaning and include *houses*, stores, boats, freight cars, mills, and

also a great variety of structures regardless of human habitation.

Defendant contends that the word "house" as used in the ordinance, should receive a strict interpretation, and according to Webster's New International Dictionary (1938) "house" is defined "as a structure intended or used for human habitation".

The words "house to house", as used in the ordinance must be given their ordinary significance and meaning and the obvious intent of the ordinance supports this construction. To have itinerant, strange merchants and peddlers going from dwelling house to dwelling house, annoying housewives and families in the security of their homes, is objectionable and is a proper subject for the exercise of police power, so that such strangers may register, be licensed and be known to the police. But a commercial establishment is not the defenseless structure that a dwelling house is. It is open to the public for buying and selling during business hours. Traveling salesmen, some carrying samples, calling at drug stores, or hardware stores, or electrical stores and the like, have never been the subject of such legislation.

This ordinance is penal in nature and as such it must be strictly construed, as has many times been decided by the courts: Commonwealth et rel. Varronne v. Cunningham, Sheriff, et al., 365 Pa. 68 (1950) ; Commonwealth v. Hallberg, 168 Pa. Superior Ct. 596 (1951).

Clear and definite provisions of a statute must be given a reasonable construction in the light of the popular meaning of the words used: Walker v. Pennsylvania Railroad Company, 151 Pa. Superior Ct. 80 (1943).

Therefore, a strict construction of the phrase "house to house" cannot be enlarged or broadened to include "store to store", and the word "house" does not include "store" within the meaning of this ordinance. This

ordinance applies only to peddlers who sell or offer for sale from house to house or upon the streets, alleys or pavements of the borough. This defendant did not do, under the evidence.

The borough authorities, if they so desired, could have broadened the ordinance to include solicitation from door to door or store to store by express language. The remedy is therefore legislative and we, the judiciary, cannot permit the expansion of this penal ordinance to cover the facts in this case.

And now, February 1, 1952, for the foregoing reasons, the appeal is sustained; defendant is adjudged not guilty, at the cost of the Borough of Lansdale.