## Acampora Appeal

*Robert T. Potts*, for petitioners.

*Edmund P. Hannum*, for Liquor Control Board.

KNIGHT, P. J., June 24, 1952.—Hatboro is an incorporated borough and Horsham Township is a second class township; both are municipalities within the meaning of the liquor and brewed beverages laws of the Commonwealth of Pennsylvania and both are in Montgomery County, Pa.

Appellants, James and Anna Acampora, are the holders of a distributor's license for the sale of malt and brewed beverages for premises no. 14 South York Road, in the Borough of Hatboro and have applied to the Pennsylvania Liquor Control Board for the transfer of that license to a building at Hatboro Pike and Cottage Avenue in Horsham Township.

The premises in Horsham Township meet all the physical requirements of the Liquor Code and the regulations of the Pennsylvania Liquor Control Board issued thereunder but the Liquor Control Board has refused to approve the transfer because as it avers it has no authority under the law to transfer a license from one municipality to another. The appellants for the transfer then filed this appeal.

The license held by the applicants was issued to them under the authority of section 431 of the Act of April 12, 1951, P. L. 90, known as the Liquor Code.

Paragraph B of section 431 provides in part:

"The board shall issue to any reputable person . . . a distributor's license *for the place* which such person desires to maintain for the sale of malt or brewed beverages. . . . Such license shall authorize the holder thereof to sell or deliver malt or brewed beverages in quantities above specified anywhere within the Commonwealth of Pennsylvania. . . . (Italics supplied.)

Section 468 of the Liquor Code, supra, provides:

"(a) Licenses issued under this article may not be assigned. The Board, upon payment of the transfer filing fee and the execution of a new bond, is hereby authorized to transfer any license issued by it under the provisions of this article from one person to another or from one place to another, or both, *within the same municipality*, as the Board may determine; but no transfer shall be made to a person who would not have been eligible to receive the license originally nor for the transaction of business at a place for which the license could not lawfully have been issued originally, nor, except as herein provided, to a place as to which a license has been revoked. Except in cases of emergency such as death, serious illness, or circumstances beyond the control of the licensee, as the Board may determine such circumstances to justify its action, transfers of licenses may be made only at times fixed

by the Board. In the case of the death of a licensee, the Board may transfer the license to the surviving spouse or personal representative or to a person designated by him. From any refusal to grant a transfer or upon the grant of a transfer, the party aggrieved shall have the right of appeal to the proper court and therefrom to the Superior Court, in the manner hereinbefore provided."

On January 14, 1952, the Governor approved Act No. 591, P. L. 2089, which amended the Liquor Code, supra. Since the decision in this case depends upon the construction placed on the amending act, we are quoting Act No. 591 in full.

"An Act to amend the act, approved the 12th day of April, one thousand nine hundred fifty-one (Act No. 21), entitled 'An Act relating to alcoholic liquors, alcohol and malt and brewed beverages; amending, revising, consolidating and changing the laws relating thereto; regulating and restricting the manufacture, purchase, sale, possession, consumption, importation, transportation, furnishing, holding in bond, holding in storage traffic in and use of alcoholic liquors, alcohol and malt, and brewed beverages and the person engaged or employed therein; defining the powers and duties of the Pennsylvania Liquor Control Board; providing for the establishment and operation of state liquor stores, for the payment of certain license fees to the respective municipalities and townships, for the abatement of certain nuisances and, in certain cases, for search and seizure without warrant; prescribing penalties and forfeitures; providing for local option, and repealing existing laws', by further regulating and limiting the issuance of distributors' and importing distributors' licenses, and changing residence requirements for stock ownership in corporations licensed as malt and brewed beverage manufacturers, distributors and importing distributors."

"The General Assembly of the Commonwealth of Pennsylvania hereby enacts as follows:

"Section 1. Subsection (b) and (c) of Section 431 of the Act, approved the 12th day of April, one thousand nine hundred fifty-one (Act No. 21), entitled 'An Act relating to alcoholic liquors, alcohol and malt and brewed beverages; amending, revising, consolidating and changing the laws relating thereto; regulating and restricting the manufacture, purchase, sale, possession, consumption, importation, transportation, furnishing, holding in bond, holding in storage, traffic in and use of alcoholic liquors, alcohol and malt and brewed beverages and the person engaged or employed therein; defining the powers and duties of the Pennsylvania Liquor Control Board; providing for the establishment and operation of state liquor stores, for the payment of certain license fees to the respective municipalities and townships, for the abatement of certain nuisances and, in certain cases, for search and seizure without warrant; prescribing penalties and forfeitures; providing for local option, and repealing existing laws', are hereby amended to read as follows:

"Section 431. Malt and brewed beverages manufacturers', distributors' and importing distributors' licenses.

"(b) The Board shall issue to any reputable person who applies therefor, pays the license fee hereinafter prescribed, and files the bond hereinafter required, a distributor's or importing distributor's license for the place which such person desires to maintain for the sale of malt or brewed beverages, not for consumption on the premises where sold, and in quantities of not less than 24 containers, each container holding 7 fluid ounces or more, or 12 containers, each container holding 24 fluid ounces or more, and such containers to be the original containers as prepared for the market by the manufacturer at the place of manufacture.

"Such license shall authorize the holder thereof to sell or deliver malt or brewed beverages in quantities above specified anywhere within the Commonwealth of Pennsylvania, which, in the case of distributors, have been purchased only from persons licensed under this act as manufacturers or importing distributors, and in the case of importing distributors, have been purchased from manufacturers or persons outside this Commonwealth engaged in the legal sale of malt or brewed beverages or from manufacturers or importing distributors licensed under this article.

"(c) The aforesaid licenses shall be issued only to reputable individuals, partnerships and associations who are, or whose members are, citizens of the United States and have for two years prior to the date of their applications been residents of the Commonwealth of Pennsylvania, or to reputable corporations organized or duly registered under the laws of the Commonwealth of Pennsylvania. Such licenses shall be issued to corporations duly organized or registered under the laws of the Commonwealth of Pennsylvania only when it appears that all of the officers and directors of the corporation are citizens of the United States and have been residents of the Commonwealth of Pennsylvania for a period of at least two years prior to the date of application, and that at least fifty-one per centum of the capital stock of such corporation is actually owned by individuals who are citizens of the United States and have been residents of the Commonwealth of Pennsylvania for a period of at least two years prior to the date of application: Provided, that stock inherited by an individual nonresident from a deceased resident owner thereof and stock held by an individual or corporate trustee for the benefit of any individual who is a beneficiary of a trust which is valid under the laws of this Commonwealth shall, for the purposes of this subsection, be considered as being

owned by a resident of the Commonwealth of Pennsylvania, so long as it is actually owned by such individual nonresident inheritor or held by such trustee.

"Section 2. Section 437 of said act is hereby amended by adding, at the end thereof, a new subsection to read as follows:

"Section 437. Prohibitions against the grant of licenses.

"(F) No new distributor's or importing distributor's license shall hereafter be granted by the board in any county of the Commonwealth where the combined number of distributor and importing distributor licenses exceeds one license for each 10,000 inhabitants or fraction thereof of the county in which the license is to be issued: Provided, That a combined total of 5 such licenses may be granted in any county of the Commonwealth. Nothing in this subsection shall be construed as denying the right of the board to renew or to transfer existing distributors' or importing distributors' licenses or to exchange a distributor's license for an importing distributor's license or to exchange an importing distributor's license for a distributor's license, upon adjustment of the applicable fee, notwithstanding that the number of such licensed places in the county shall exceed the limitation hereinbefore prescribed: *Provided, That no distributor's license or importing distributor's license shall be transferred from one county to another county so long as the quota is filled in the county to which the license is proposed to be transferred.*"

The question then before us is whether Act No. 591 above quoted amends expressly or by clear implication the provision of section 468 of the Liquor Code, supra, which limits the transfer of licenses to premises in the same municipality.

It is quite obvious that the intent of the legislature as expressed in Act No. 591, supra, was to place a

limitation on the number of distributors' licenses which may be issued by the Liquor Control Board and all it was intended to accomplish.

Act No. 591 expressly declares that it is an amendment of paragraphs (*b*) and (*c*) of section 431 of the Liquor Code and nothing is said of transfers or section 468, which provides for transfers. Section 2 of Act No. 591 amends section 437 of the Liquor Code, which deals with prohibitions against the grant of licenses by adding paragraph F, which contains the limitation in distributors' licenses.

Act No. 591 limits rather than extends the right to have and maintain a distributor's license. What causes the difficulty in this case is the proviso;

"That no distributor's license or importing distributor's license shall be transferred from one county to another so long as the quota is filled in the county to which the license is proposed to be transferred."

It is argued that this prohibition against transferring from one county to another under certain circumstances carries with it the implication that if the quota was not filled the board could transfer from one county to another and if the board could do this it follows that it could approve transfers within the same county.

While it sounds reasonable we cannot adopt this contention. It may well be that the legislature had in mind municipalities which are situated in two counties such as the Borough of Telford in Montgomery and Bucks Counties. We adopt the following language from the brief filed by counsel for the Liquor Control Board:

"The provisions of the Constitution and the rules for the construction of statutes do not aid these applicants. They in fact compel the conclusion that there is no authority for the transfer of a distributor's license from one municipality to another."

Act No. 591 specifically amends numbered sections of the Liquor Code, to wit, sections 431 and 437. It does not purport to amend section 468. If it were interpreted to amend the latter it would violate article 3, sec. 6, of the Constitution, which requires the amended portions to be reënacted and published at length: Commonwealth v. Hallberg, 168 Pa. Superior Ct. 596, 599; Liberty Fireman's Social Club Liquor License Case, 168 Pa. Superior Ct. 500, 504; Wilkes-Barre et al., v. Pennsylvania Public Utility Commission, 164 Pa. Superior Ct. 210, 215.

It cannot, therefore, be interpreted in such a way for it is presumed that the legislature did not intend to violate the Constitution: Act of May 28, 1937, P. L. 1019, sec. 52(3), 46 PS §552.

It is to be noted, likewise, that the title to Act No. 591, which refers specifically to the regulation and limitations of distributors' and importing distributors' licenses and the changing of residence requirements for stock ownership or corporations licensed as such or as manufacturers, does not refer to the transfer of such licenses. It may then be presumed that the proviso is, as its words show, one of limitation, and that it does not change the transfer provisions of section 468, for the title of an act may be considered in its construction: Act of May 28, 1937, P. L. 1019, sec. 54; 46 PS §554; Liberty Fireman's Social Club Liquor License Case, 168 Pa. Superior Ct. 500, 504.

There is no ambiguity in the language of Act No. 591 for the provision, while apparently unnecessary, is clear and in accord with the other provisions of the act. Therefore, the act must be construed as written without inserting into it an intention and purpose to authorize transfers not provided in section 468 of the Liquor Code: Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551; Liberty Fireman's Social Club Liquor License Case, 168 Pa. Superior Ct. 500, 504.

While it may work a hardship on these appellants, we feel constrained to hold that Act No. 591, supra, did not amend section 468 of the Liquor Code, supra, and that the provisions of section 468 still stand and the Liquor Control Board is without authority to approve a transfer of appellant's license from Hatboro Borough to Horsham Township.

And now, June 24, 1952, the appeal is dismissed at the cost of appellants.