## Bensalem Township v. Feinberg

*James Fitzcharles, III*, for appellant.
*Lawrence A. Monroe*, for appellee.

SATTERTHWAITE, J., June 22, 1956. — Defendant has appealed from the imposition of a fine or penalty by a justice of the peace in favor of plaintiff township, after hearing, on the information of the chief of police charging defendant with violation of a township ordinance prohibiting soliciting and peddling without a license. Elaborate arguments have been made on each side as to the validity or invalidity of the ordinance, but it is unnecessary to pass thereon as we believe the evidence does not disclose an offense thereunder in any event.

The record discloses that the alleged violation is based upon a personal call made by defendant, who admittedly was not licensed under the ordinance, upon one Margaret Palmer on April 21, 1955, in connection with certain advertising copy sought to be obtained from her by telephoned prearrangement through defendant's employer. Mrs. Palmer, trading as the Blue Light Cabins, was the owner and operator of a tourist cabin business located along Old Lincoln Highway in Bensalem Township. Defendant's conversation with her occurred at such place of business. Whether his contact with her legally constituted a solicitation of the advertising in view of the prior dealings over the telephone between Mrs. Palmer and the organization by which defendant was employed need not be decided, and we expressly point out that this decision is not to be construed as a precedent in that connection. Whatever defendant's activities may be called, they did not take place at any location interdicted by the ordinance.

The term "soliciting" is defined by the ordinance as "the seeking or taking of contracts or orders for any goods, wares, or merchandise for future delivery, or for subscriptions or contributions, *upon any of the streets or sidewalks or from house to house within the Township of Bensalem . . .*" (Italics supplied.) Ped-

dling, also regulated by the same ordinance, is likewise defined with the same emphasized qualification as to the area or scope of activity. None of defendant's transactions, however, either on this or any other occasion so far as the record shows, was carried on other than in places of business. He carried on no business in the public ways or from door to door of private homes. He therefore was not within the plain and ordinary meaning of the quoted language and was not guilty of the offense charged against him.

In Commonwealth v. Taber, 82 D. & C. 156, 44 Mun. L. R. 150, the identical problem was considered and decided in favor of defendant by Judge Dannehower of the Montgomery County court. The following extract from his opinion is particularly appropriate and needs no elaboration:

"The words 'house to house', as used in the ordinance must be given their ordinary significance and meaning and the obvious intent of the ordinance supports this construction. To have itinerant, strange merchants and peddlers going from dwelling house to dwelling house, annoying housewives and families in the security of their homes, is objectionable and is a proper subject for the exercise of police power, so that such strangers may register, be licensed and be known to the police. But a commercial establishment is not the defenseless structure that a dwelling house is. It is open to the public for buying and selling during business hours. Traveling salesmen, some carrying samples, calling at drug stores, or hardware stores, or electrical stores and the like, have never been the subject of such legislation.

"The ordinance is penal in nature and as such it must be strictly construed, as has many times been decided by the courts: Commonwealth ex rel. Varrone v. Cunningham, Sheriff et al., 365 Pa. 68 (1950);

Commonwealth v. Hallberg, 168 Pa. Superior Ct. 596 (1951)."

And now, June 22, 1956, the within appeal is sustained, and the judgment of the justice of the peace is reversed and here entered in favor of defendant, plaintiff to pay the costs.